67 P.3d 779

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Stephen Keith ST. CLAIR,
Defendant–Appellant.**

No. 25281.

Supreme Court of Hawai'i.

April 30, 2003.

As Corrected May 5, 2003.

Reconsideration Denied May 22, 2003.

Michael M. McPherson, Kamuela, for defendant-appellant.

Linda L. Walton, Deputy Prosecuting Attorney, for plaintiff-appellee.

MOON, C.J., LEVINSON and NAKAYAMA, JJ., Circuit Judge DEL ROSARIO, in place of ACOBA J., who is unavailable, and Circuit Judge CHANG, assigned by reason of vacancy.

Opinion of the Court by LEVINSON, J.

The defendant-appellant Stephen Keith St. Clair appeals from the judgment of the third circuit court, filed on August 5, 2002, the Honorable Ronald Ibarra presiding, adjudging him guilty of manslaughter, in violation of Hawai'i Revised Statutes (HRS) § 707–702(1)(a) (1993),[1] operating a vehicle under the influence of an intoxicant (DUI), in violation of HRS § 291E–61(a)(1) (Supp.2002),[2] and driving without no-fault insurance, in violation of HRS § 431:10C–104 (Supp.2002).[3] Specifically, St. Clair contends that the circuit court erred: (1) in partially granting the prosecution's motion to allow evidence of Canadian convictions, on the bases (a) that he was not afforded the protections of the Hawai'i Constitution in the Canadian proceedings and (b) that the evidence was inadmissible pursuant to Hawai'i Rules of Evidence (HRE) Rules 403 (1993) and 404(b) (Supp. 2002);[4] (2) in denying St. Clair's motion for

1. HRS § 707–702(1)(a) provides in relevant part that "[a] person commits the offense of manslaughter if . . . [h]e [or she] recklessly causes the death of another person[.]" "A person acts recklessly with respect to a result of his [or her] conduct when he [or she] consciously disregards a substantial and unjustifiable risk that his [or her] conduct will cause such a result." HRS § 702–206(3)(c) (1993). "A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him [or her], the disregard of the risk involves a gross deviation from the standard of conduct that a law abiding person would observe in the same situation." HRS § 702–206(3)(d) (1993).

2. HRS § 291E–61(a)(1) provides:

A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

3. HRS § 431:10C–104 provides in relevant part:

(a) Except as provided in section 431:10C–105, no person shall operate or use a motor vehicle upon any public street, road, or high-

way of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

4. HRE Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

HRE Rule 404(b) provides:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus oper-

dismissal with prejudice due to prosecutorial misconduct, on the basis that the deputy prosecuting attorney (DPA) improperly questioned St. Clair regarding certain facts pertaining to a prior DUI incident in Canada; and (3) in denying St. Clair's motion for a new trial, on the basis that there was a reasonable possibility that the foregoing prosecutorial misconduct contributed to his conviction.

For the reasons discussed *infra* in Section III, we believe that St. Clair's arguments are without merit. Accordingly, we affirm the circuit court's judgment.

## I. BACKGROUND

On February 25, 2002, St. Clair was charged by complaint with: (1) manslaughter, in violation of HRS § 707–702(1)(a) (Count I), *see supra* note 1; (2) negligent homicide in the first degree, in violation of HRS § 707–702.5(1) (1993) (Count II); [5] (3) DUI, in violation of HRS § 291E–81 (Count III); [6] (4) reckless driving of a vehicle, in violation of HRS § 291–2 (Supp.2002) (Count IV); [7] (5) reckless endangering in the second degree, in violation of HRS § 707–714(1) (1993) (Count V); (6) driving without no-fault insurance, in violation of HRS § 431:10C–104 (Count VI), *see supra* note 3; and (7) failure to drive on right side of roadway, in violation of HRS § 291C–41 (1993) (Count VII). [8] The charges arose out of an incident that occurred on February 23, 2002, in which the vehicle that St. Clair was driving while intoxicated struck and killed a pedestrian, Jane O'Brien.

On May 3, 2002, the prosecution filed a motion to allow evidence of Canadian convictions arising out of proceedings in which St. Clair was represented by counsel at trial and at sentencing. Specifically, the prosecution sought to admit evidence of the factual bases for two prior DUI convictions in Canada in order to show that, in the present matter, St. Clair acted with a conscious disregard of a substantial and unjustifiable risk that he would injure someone, because he had firsthand experience that "when he drove after drinking substantial amounts, he was not in sufficient control of his faculties to drive in an appropriate manner."

On May 13, 2002, St. Clair filed a memorandum in opposition to the prosecution's motion, in which he argued (1) that, because the prosecution "admits that it seeks to use prior convictions to establish *mens rea* for manslaughter," the evidence was inadmissible pursuant to HRE Rule 404(b), *see supra* note 4, and (2) that, because the evidence was not probative of truth or veracity, it should not be admitted for impeachment purposes pursuant to HRE Rule 609(a) (1993). [9]

On June 10, 2002, the circuit court conducted a hearing regarding the prosecution's motion, during which Larry Stein, Assistant Crown Counsel for the province of Alberta, Canada, testified regarding St. Clair's Canadian convictions and Canadian legal proce-

andi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

5. Count II was subsequently dismissed without prejudice to the prosecution proposing a jury instruction regarding negligent homicide as a lesser included offense of manslaughter.

6. The prosecution subsequently amended Count III to cite HRS § 291E–61, *see supra* note 2.

7. Count IV was subsequently dismissed without prejudice to the prosecution proposing a jury instruction regarding reckless driving as a lesser included offense of manslaughter.

8. Count VII was subsequently dismissed with prejudice.

9. HRE Rule 609(a) provides:

General rule. *For the purpose of attacking the credibility of a witness,* evidence that the witness has been convicted of a crime is inadmissible except when the crime is one involving dishonesty. However, in a criminal case where the defendant takes the stand, the defendant shall not be questioned or evidence introduced as to whether the defendant has been convicted of a crime, for the sole purpose of attacking credibility, unless the defendant has oneself introduced testimony for the purpose of establishing the defendant's credibility as a witness, in which case the defendant shall be treated as any other witness as provided in this rule.
(Emphasis added.)

dures. Stein testified that the records of the Canadian proceedings involving St. Clair showed, *inter alia*, that St. Clair had pled guilty to driving on April 15, 1998 with too much alcohol in his blood. Stein read the factual basis for St. Clair's plea, which St. Clair had admitted in a colloquy with the Canadian court and which indicated that St. Clair had failed to negotiate a curve in the road while DUI and had struck another vehicle.

St. Clair did not advance any new arguments in opposition to the prosecution's motion during the hearing, but defense counsel noted that the Canadian court did not conduct a colloquy with St. Clair when it accepted his guilty plea, in order to determine whether or not he understood the rights that he was waiving by not proceeding to trial, as defense counsel believed was required by the United States and Hawai'i Constitutions.[10]

The circuit court granted the prosecution's motion in part, "to the extent that the [April 15, 1998] incident may be used by the [prosecution] at trial, although the fact of conviction may not be introduced, and reference to defendant attempting to back away after the accident may not be used. In its written order, the circuit court concluded: (1) that the strength of the evidence of the prior bad act was high, because, *inter alia*, the prosecution produced certified copies of all court records relating to the April 15, 1998 incident, St. Clair was represented by counsel at all significant stages of the proceeding, and St. Clair's conviction had not been based on any of his own statements, "but rather on the observation of witnesses and police officers"; (2) that the time that had elapsed since the April 15, 1998 incident was not great; (3) that the need for the evidence was great and the efficacy of alternative proof small, inasmuch as the prosecution could only prove St. Clair's state of mind—specifically, that he "perceived and disregarded the risk that he would commit a driving error when he drove intoxicated, and [thereby] injure or kill people"—by circumstantial evidence; and (4) that the prior bad act was unlikely to arouse

the jury to overmastering hostility, because it was "of no worse a nature than the act for which [St. Clair] is being tried."

The circuit court also concluded, however, that St. Clair's other Canadian conviction, which "ha[s] not been shown to involve [a] *collision* [ ] while intoxicated, . . . [is] not sufficiently relevant or necessary to be considered by the jury in this case." (Emphasis added.)

In light of the circuit court's ruling, St. Clair agreed to stipulate to the facts regarding the April 15, 1998 incident that he had admitted in his plea, rather than have the Canadian prosecutor testify at trial regarding the facts that he admitted in the Canadian proceedings.

St. Clair's jury trial commenced on June 12, 2002. St. Clair stipulated that, "on or about February 23rd, 2002, in Kona, County and State of Hawai'i, [he] caused the death of another person, Jane O'Brien, by operation of a vehicle which struck her." In addition, St. Clair testified on his own behalf and admitted that he had consumed at least twelve beers immediately prior to the accident. The prosecution introduced evidence that St. Clair's blood alcohol content (BAC) was 0.211 gram per one hundred milliliters of blood immediately following the accident. St. Clair also stipulated that:

> On April 15, 1998, at about 9:50 p.m., [he] drove his vehicle after having consumed alcohol. His [BAC] being . . . equivalent to [0.19 gram] per 100 milliliters of blood.
>
> [St. Clair's] vehicle failed to negotiate a curve in the road, had driven over a curb, and continued to travel on a lawn until it struck a parked vehicle sending that vehicle into a second parked vehicle narrowly missing the apartment building.
>
> [St. Clair] was observed to have an odor of liquor on his breath, eyes half shut, and at times appeared incoherent. [St. Clair] says he had struck his head on the dashboard during the collision.

---

**10.** Defense counsel did not, however, cite the constitutional provisions to which he was referring.

Thus, the only factual issue disputed at trial that is pertinent to St. Clair's present appeal was his state of mind when he killed O'Brien.

The DPA cross-examined St. Clair, in relevant part, as follows:

[DPA]: You were drunker on [February 23, 2002] than you were when you had that prior auto accident [on April 15, 1998], correct?

[Defense Counsel]: Objection, your Honor.

[Circuit Court]: Objection sustained.

[DPA]: Had you drunk more beer on this occasion than you had in the prior accident?

[Defense Counsel]: Objection, your Honor.

[Circuit Court]: Objection sustained. .

[DPA]: Basis, your Honor?

The following bench conference subsequently ensued:

[Circuit Court]: ... The Court allowed the prior incident, the Canadian incident, to prove the state of mind of the defendant's reckless disregard, not to go into the entire incident specifically.

[DPA]: Your Honor, the State's argument is that he obviously had to drink more beer on this occasion because he had a higher alcohol level and he should have known when he drank less on the prior occasion and drank more on this occasion that he was more dangerous.

[Circuit Court]: Mr. McPherson[?]

[Defense Counsel]: Motion for dismissal with prejudice, prosecutorial misconduct intended to avoid an acquittal on the charge of manslaughter, your Honor.

[Circuit Court]: Under Rule 404, the prior incident is not to be used to show propensity to commit a crime in this case.

----

. . . .

But as the Court stated, it's to show whether he acted recklessly because there was a prior incident and he knew about it.

[DPA]: I understand that, your Honor, but I also think it shows recklessness if he drank more, which he obviously did.

[Circuit Court]: How are we going into litigating the other prior incident other than what is stipulated[?] ... Are we now addressing a collateral issue regarding the Canadian case?

. . . .

You keep—you confine your questions to the face of the stipulation, not go beyond the face of the stipulation. The stipulation is clear.

. . . .

The motion for mistrial or dismissal is denied.

On June 20, 2002, the jury found St. Clair guilty as charged in Counts I, III, V, and VI, but also found that the prosecution had failed to prove beyond a reasonable doubt that St. Clair did not act with one state of mind, one general impulse and one plan in committing the offenses of manslaughter and reckless endangering in the second degree,[11] or that the foregoing offenses were not part of a continuing and uninterrupted course of conduct. Consequently, St. Clair was adjudged guilty only of Counts I, III, and VI.

On June 24, 2002, St. Clair moved for a new trial pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 33 (2002)[12] and article I, section 5 of the Hawai'i Constitution.[13] In his memorandum in support of his motion, St. Clair reiterated his argument that the circuit court had erred in admitting the prior bad acts evidence pursuant to HRE Rule 404(b), *see supra* note 4. St. Clair then

----

11. The charge of reckless endangering pertained to O'Brien's sister, who was walking with her when she was struck by St. Clair's vehicle.

12. HRPP Rule 33 provides:
 The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury, the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10-day period. The finding of guilty may be entered in writing or orally on the record.

13. Article I, section 5 of the Hawai'i Constitution provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law...."

claimed, contrary to the facts as revealed by the record, that "[h]aving been admonished by the [circuit c]ourt not to do so, the [DPA] twice questioned [St. Clair] on the stand in an attempt to elicit elaboration of the bad act erroneously admitted in evidence over defense objection." [14] St. Clair did not explain how the DPA's cross-examination had prejudiced his right to a fair trial, however.

On August 12, 2002, the circuit court denied St. Clair's motion for a new trial. The circuit court pointed out that it "did not order in advance that the State could not question [St. Clair] about [the 1998] incident" and, consequently, that the DPA "did not violate any court order by questioning defendant about the prior incident." In addition, the circuit court noted that the DPA immediately ceased her line of questioning when the circuit court ruled on its propriety. Accordingly, the circuit court concluded, *inter alia*, that "[n]o prosecutorial misconduct occurred."

St. Clair filed a timely notice of appeal on August 20, 2002.

## II. STANDARDS OF REVIEW

### A. Admissibility Of Evidence

▆ The admissibility of evidence requires different standards of review depending on the particular rule of evidence at issue. *State v. Pulse*, 83 Hawai'i 229, 246, 925 P.2d 797, 814 (1996).

> When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard. However, the traditional abuse of discretion standard should be applied in the case of those rules of evidence that require a "judgment call" on the part of the trial court.

*Id.* at 246–47, 925 P.2d at 814–15 (citations omitted).

"Prior bad act" evidence under Hawai'i Rules of Evidence (HRE) Rule 404(b) (1993) is admissible when "it is 1) relevant and 2) more probative than prejudicial." *State v. Maelega*, 80 Hawai'i 172, 183, 907 P.2d 758, 769 (1995) (citations omitted). A trial court's determination that evidence is "relevant" within the meaning of HRE Rule 401 (1993) is reviewed under the right/wrong standard of review. *State v. Pulse*, 83 Hawai'i 229, 247, 925 P.2d 797, 815 (1996). However, a trial court's balancing of the probative value of prior bad act evidence against the prejudicial effect of such evidence under HRE Rule 403 (1993) is reviewed for abuse of discretion. *See id.* An abuse of discretion occurs when the court "clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant." *State v. Furutani*, 76 Hawai'i 172, 179, 873 P.2d 51, 58 (1994) (citations omitted).

*State v. Cordeiro*, 99 Hawai'i 390, 403–04, 56 P.3d 692, 705–06 (2002) (quoting *State v. Torres*, 85 Hawai'i 417, 421, 945 P.2d 849, 853 (App.1997) (footnotes omitted)).

### B. Prosecutorial Misconduct

▆ Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of "whether there is a reasonable possibility that the error complained of might have contributed to the conviction." *State v. Balisbisana*, 83 Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996) (quoting *State v. Holbron*, 80 Hawai'i 27, 32, 904 P.2d 912, 917, *reconsideration denied*, 80 Hawai'i 187, 907 P.2d 773 (1995)) (citations and internal quotation marks omitted); *see also State v. Sanchez*, 82 Hawai'i 517, 528, 923 P.2d 934, 945 (App.), *cert. denied*, 84 Hawai'i 127, 930 P.2d 1015 (1996) (citations omitted). Factors to consider are: (1) the nature of the conduct; (2) the promptness of a curative instruction; and (3) the strength or weakness of the evidence against the defendant. *State v. Samuel*, 74 Haw.

---

**14.** As noted *supra*, the circuit court did not admonish the DPA before she asked the two questions to which defense counsel objected. Moreover, the DPA's questions did not elaborate on the evidence admitted at trial, inasmuch as evidence was adduced that St. Clair had a higher BAC when he caused O'Brien's death than when he had his prior DUI accident in Canada.

141, 148, 838 P.2d 1374, 1378 (1992) (citation omitted).

*State v. Rogan*, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (quoting *State v. Sawyer*, 88 Hawai'i 325, 329 n. 6, 966 P.2d 637, 641 n. 6 (1998)). Moreover, under the double jeopardy clause of the Hawai'i Constitution, ... "reprosecution is barred where, in the face of egregious prosecutorial misconduct, it cannot be said beyond a reasonable doubt that the defendant received a fair trial." *Rogan*, 91 Hawai'i at 423 & n. 11, 984 P.2d at 1249 & n. 11.

*State v. Pacheco*, 96 Hawai'i 83, 93, 26 P.3d 572, 582 (2001).

C. *Motion For A New Trial*

 The trial judge, at a hearing on a motion for new trial, acts as the trier of fact. *Martinez v. State*, 846 S.W.2d 348, 349 (Tex.App.1992). In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review. *State v. Hutch*, 75 Haw. 307, 328, 861 P.2d 11, 22 (1993) (citations omitted). "An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and internal quotation marks omitted); *see also State v. Batson*, 73 Haw. 236, 246, 831 P.2d 924, 930, *reconsideration denied*, 73 Haw. 625, 834 P.2d 1315 (1992). And

> [w]here there is substantial evidence, which is credible evidence of sufficient quantity and probative value to justify a reasonable person in reaching conclusions that support the FOFs, the FOFs cannot be set aside. Moreover, an appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge.

*Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 116–17, 839 P.2d 10, 28, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992) (citations and internal quotation marks omitted).

*Cordeiro*, 99 Hawai'i at 404–05, 56 P.3d at 706–707 (quoting *State v. Furutani*, 76 Hawai'i 172, 179–80, 873 P.2d 51, 58–59 (1994)).

### III. DISCUSSION

A. *The Circuit Court Did Not Err In Admitting Evidence Of St. Clair's Prior Bad Acts.*

St. Clair argues that the circuit court erred in admitting evidence that he had previously been involved in an accident while DUI on the bases: (1) that the evidence "arose" in a Canadian court proceeding, which did not afford him the protections of the Hawai'i Constitution; (2) that the evidence was not relevant to St. Clair's "reckless" or "negligent" state of mind; and (3) that the evidence's probative value was substantially outweighed by the danger of unfair prejudice. St. Clair's arguments are without merit.

 St. Clair's primary contention is that the failure of the Canadian court to conduct an on-the-record colloquy with him when he pled guilty to the DUI charge arising from the April 15, 1998 incident, in order to ensure that he was aware of the rights that he was waiving by pleading guilty, "rendered facts adduced therein constitutionally inadmissible" in his trial in the present matter. St. Clair cites no authority in support of his argument, however, and we are unaware of any. Rather, he relies on *State v. Vares*, 71 Haw. 617, 621, 801 P.2d 555, 557 (1990), in which this court held that, pursuant to the sixth amendment to the United States Constitution, "an uncounseled conviction cannot be used collaterally to support an enhanced sentence where such enhanced sentence includes a term of imprisonment."[15] Inas-

---

15. *Vares* may have been abrogated, in part, by *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), which held that an uncounseled misdemeanor conviction may be used to enhance punishment at a subsequent conviction, without violating the right to counsel guaranteed by the sixth amendment to the United States Constitution, if the misdemeanor conviction did not result in the imposition of a prison term. It is not clear whether the prior conviction at issue in *Vares* imposed a prison term, and this court has never addressed whether the right to counsel guaranteed by the Hawai'i Constitution provides greater protections than the United States Constitution in this respect, nor does St. Clair urge this court to consider the question. *But see State v. Sinagoga*, 81 Hawai'i 421, 434, 918 P.2d 228, 241 (App.1996) (declining to adopt

much as St. Clair is challenging the admission of prior bad act evidence at trial and not a sentencing enhancement based on a prior conviction, *Vares* is unhelpful to him.

Moreover, St. Clair's bare assertion that, by admitting the facts underlying his Canadian conviction, the circuit court "merely hypothesized that the facts would have been the same[,] ... thereby allow[ing] Canadian law to stand despite being unconstitutional[,]" is uncompelling, to say the least. There is no requirement that prior bad acts evidence be adduced in a trial in which the defendant is convicted in order for the evidence to be admissible in a subsequent trial. Indeed, "[i]f the applicable standard is satisfied, then the other crime's evidence should be potentially admissible even if the defendant was acquitted of the other charge." [16] Charles Tilford McCormick, George E. Dix, Kenneth S. Brown, Edward J. Imwinkelrie, Robert P. Mosteler, E.F. Roberts, John William Strong, Kenneth S. Broun, *McCormick on Evidence* § 190, at 671 (5th ed.1999).

The evidence that St. Clair had been involved in an automobile accident while driving intoxicated less than four years prior to the instant accident was relevant to prove that, when St. Clair decided to drive on February 23, 2002, after consuming at least a dozen beers, he consciously disregarded a substantial and unjustifiable risk that his conduct would cause the death of another. Put simply, the evidence of the prior incident tended to show that St. Clair was aware that his ability to control an automobile was seriously impaired when he was under the influence of an intoxicant. *See* HRE Rule 401 (2002) (" 'Relevant evidence' means evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." (Emphasis added.)); *see also United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir.2001) ("A jury could infer from Defendant's prior drunk driving convictions that he is especially aware of the problems and risks associated with drunk driving" and "that Defendant does not care about the risk he poses to himself and others since he continues to drink and drive."); *United States v. Fleming*, 739 F.2d 945, 949 (4th Cir.1984) (holding that "defendant's driving record[,] which showed previous convictions for driving while intoxicated[,]" was "relevant to establish that defendant had grounds to be aware of the risk his drinking and driving while intoxicated presented to others"); *Crauswell v. State*, 638 So.2d 11, 14 (Ala. Crim.App.1993) (holding that "[i]n a prosecution for vehicular homicide, evidence of the defendant's prior history regarding drugs, alcohol, and driving may be admissible in order to prove ... the defendant's reckless indifference to the probable consequences of his acts, regardless of whether the prior arrests resulted in convictions"); *State v. Woody*, 173 Ariz. 561, 845 P.2d 487, 489 (Ariz.Ct.App.1992) (holding that, in a prosecution arising from a vehicular homicide, evidence of prior DUI convictions was relevant to "the issue of whether [defendant's] mental state reflected a reckless indifference to human life"); *State v. Dushame*, 136 N.H. 309, 616 A.2d 469, 473 (1992) (holding that "evidence of the defendant's driving record showing his past experience of repeated arrests, convictions and punishment for [DUI] may be deemed relevant to the question of whether the defendant acted recklessly when he subsequently drove his vehicle in an intoxicated condition"). Thus, St. Clair's contention that the evidence was merely probative of his propensity to drive drunk and lose control of his vehicle and not probative of his state of mind is without merit.[17]

the foregoing holding of *Nichols* under the Hawai'i Constitution).

16. St. Clair also argues that, "because no colloquy as to waiver of rights took place in the Canadian court, therefore the record of the Canadian proceedings was inadmissible." But this argument is beside the point, inasmuch as the record of the Canadian proceedings was never admitted. As noted *supra* in Section I, before the

circuit court ruled on how the prosecution could adduce evidence of the prior DUI accident, St. Clair agreed to stipulate to the factual basis of his guilty plea in the Canadian proceeding.

17. St. Clair also points out more than once that a "reckless" state of mind is distinct from an "intentional" or a "knowing" state of mind and that "intent" and "knowledge" were not at issue in this case. But he does not suggest that evidence

■ Moreover, we do not believe that the circuit court abused its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. As discussed *supra* in Section I, the circuit court considered the four factors bearing on the admissibility of prior bad acts evidence set forth by this court in *State v. Pinero*, 70 Haw. 509, 518, 778 P.2d 704, 711 (1989), and concluded that all of the factors weighed in favor of admissibility.[18]

St. Clair maintains that the evidence was "prejudicial in the extreme" because (1) it implied that "he *knew* he might kill someone, but he did not care" and (2) it would arouse the jury to overmastering hostility "toward a person who continued to drive drunk until he actually did kill someone," which "reduced the regret matrix to zero. No condemnation could be too harsh in the world in which the jury lived in June, 2002." (Emphasis in original.)[19] We disagree.

"This court has explained that '[u]nfair prejudice "means an undue tendency to suggest [a] decision on an improper. basis, commonly, though not necessarily, an emotional one." ' " *Tabieros v. Clark Equipment Co.*, 85 Hawai'i 336, 375 n. 22, 944 P.2d 1279, 1318 n. 22 (1997) (quoting *Kaeo v. Davis*, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986) (quoting Advisory Committee's Note to Federal Rules of Evidence (FRE) Rule 403)).

There was nothing unfairly prejudicial about the use of the prior DUI accident to prove that St. Clair *"knew* he might kill someone, but he did not care," inasmuch as this is essentially what the prosecution was

required to prove in order to convict St. Clair of manslaughter—*i.e.,* that he consciously disregarded a substantial and unjustifiable risk that his conduct would cause the death of another. In addition, there is simply no reason to believe that, based on a single prior incident of DUI, which did not result in any injuries, the jury would have; concluded that "[n]o condemnation could be too harsh" for St. Clair, because he "continued to drive drunk until he [killed] someone."

Accordingly, the circuit court did not err in admitting the evidence that· St. Clair was involved in an accident while DUI on April 15, 1998.

B. *St. Clair's Allegation Of Prosecutorial Misconduct Is Without Merit.*

■ St. Clair argues that the circuit court erred in denying (1) his motion to dismiss the charges against him with prejudice and (2) his motion for a new trial, because "egregious prosecutorial misconduct"—specifically, the DPA's attempt to elicit testimony from him regarding whether he was more intoxicated when he killed O'Brien than he was on April 15, 1998— denied him a fair trial. For the most part, St. Clair relies on the same arguments that he advances regarding the circuit court's decision to admit the evidence of the April 15, 1998 accident in the first place. The only new argument that he advances is that "[i]f no prosecutorial misconduct occurred, then the [circuit c]ourt's action, isolating the jury, admonishing the [DPA] harshly, then directing counsel into chambers, would be difficult to explain."[20] But the fact that a trial court

---

of a "reckless" state of mind is inadmissible pursuant to HRE Rule 404(b); we are, therefore, unable to discern the relevancy of his observations.

18. It is worth noting that there was no danger that the jury would mistakenly conclude that, because St. Clair had driven drunk on a prior occasion, he had a propensity to drive drunk, because St. Clair admitted at trial (as well as on appeal) that he was DUI when he killed O'Brien.

19. St. Clair appears to be suggesting that, after the terrorist attacks of September 11, 2001, juries are more likely to be aroused to overmastering hostility on account of prior bad acts evidence.

20. St. Clair also points out that "[c]ross-examination of the defendant in a criminal case as to specific instances of conduct under Rule 608 HRE must have some rational bearing upon the defendant's capacity for truth and veracity[,]" but the observation is not relevant to St. Clair's appeal; the DPA cross-examined St. Clair regarding the prior incident in order to prove a matter of consequence in the action—*i.e.,* St. Clair's state of mind—rather than to undermine his credibility. *See State v. Pokini*, 57 Haw. 17, 22, 548 P.2d 1397, 1399 (1976) ("A defendant who elects to testify in his own defense is subject to cross-examination as to any matter pertinent to, or having a logical connection with the specific offense for which he is tried" and "on collater-

sustains defense counsel's objection to a prosecutor's question does not, in and of itself, indicate that prosecutorial misconduct has occurred of such an outlandish nature that the charges against the defendant should be dismissed.

More importantly, there was nothing outrageous in the DPA's behavior in the present matter. As noted *supra* in Section I, after the circuit court sustained, without elaboration, defense counsel's objection to the DPA's first question regarding St. Clair's relative states of intoxication, the DPA attempted to rephrase her question. When the circuit court sustained defense counsel's objection to the rephrased question, the DPA asked the circuit court for an explanation before proceeding. Thereafter, the DPA scrupulously adhered to the circuit court's ruling prohibiting her line of questioning. Thus, the DPA conducted herself in a responsible manner.

In any event, we are unable to discern anything prejudicial in the substance of the DPA's cross-examination. As discussed *supra* in Section I, evidence that St. Clair was more intoxicated on February 23, 2002 than on April 14, 1998 was adduced at trial

al matters bearing upon his credibility, the same

independently of the DPA's cross-examination. Thus, the DPA was merely attempting to determine whether St. Clair was aware that he was more intoxicated when he killed O'Brien than when he had his DUI accident on April 15, 1998, and, thereby, elicit further evidence that St. Clair consciously disregarded a substantial and unjustifiable risk that his conduct would cause the death of another.

Accordingly, the circuit court did not err in concluding that "[n]o prosecutorial misconduct occurred" and, consequently, denying St. Clair's motions to dismiss the charges against him with prejudice and for a new trial.

## IV. CONCLUSION

In light of the foregoing, we affirm the circuit court's judgment of conviction and sentence.