LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29978

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAI'I

'10 JUL 22 AM 8:02

FILED

STEPHEN KEITH ST. CLAIR, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 03-1-0005K (Cr. No. 02-1-0064K))

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant pro se Stephen Keith St. Clair
(St. Clair) appeals from the "Findings of Fact, Conclusions of
Law, and Order Denying Petition to Vacate, Set Aside, or Correct
Judgment or to Release Petitioner from Custody" (Order) filed on
September 4, 2009, in the Circuit Court of the Third Circuit
(circuit court).[1]

I.  BACKGROUND

On August 5, 2002, the circuit court convicted St.
Clair of Manslaughter, in violation of Hawaii Revised Statutes
(HRS) § 707-702(1)(a) (1993); Operating a Vehicle Under the
Influence of an Intoxicant, in violation of HRS § 291E-61(a)(1)
(Supp. 2002); and Driving Without No-Fault Insurance, in
violation of HRS § 431:10C-104 (Supp. 2002).  State v. St. Clair,
101 Hawai'i 280, 282, 67 P.3d 779, 781 (2003).  On April 30,
2003, the Supreme Court of Hawai'i affirmed St. Clair's
convictions.  Id. at 290, 67 P.3d at 789.

On October 1, 2003, St. Clair, pro se, filed a Petition
to Vacate, Set Aside, or Correct Judgment or to Release
Petitioner from Custody (First Petition), pursuant to Rule 40 of

---

[1]  The Honorable Elizabeth A. Strance presided.

the Hawai'i Rules of Penal Procedure (HRPP). St. Clair stated only one ground for relief: Denial of effective assistance of counsel because "court-appointed counsel ill advised [St. Clair] to stipulate to Canadian charge." St. Clair failed to set forth any facts, argument, or authority in support of his ground.

On December 6, 2006, St. Clair filed a Petition for Post Conviction Relief pursuant to HRPP Rule 40 (Second Petition). Although the Second Petition was titled differently from the First Petition, a copy of the First Petition was attached to the Second Petition, along with a Memorandum in Support of Petition (Memorandum). We do not view the Second Petition as a new petition, but rather as a supplement to the First Petition.

In the Memorandum, St. Clair clarified his claim by arguing that the central issue was that trial counsel had rendered ineffective assistance by allowing a prior bad act into evidence through a factually incorrect stipulation.

St. Clair also made several new arguments with respect to his ineffective assistance of counsel claim, asserting that his trial counsel failed to: (1) assert a Rule 404(b) notice requirement when the prosecutor brought up other matters beyond what had been agreed to in the stipulation; (2) request a limiting instruction regarding the stipulation so it could not be proved that St. Clair acted in conformity with the actions stated in the stipulation and (3) object to an order of restitution because the circuit court did not enter Findings of Fact and Conclusions or Law, the order of restitution did not specify the time and manner of payment, and an order of restitution may not divest a prisoner's wages received from prison labor. St. Clair also argued for the first time that the circuit court erred when it admitted the prior bad act evidence because such evidence was not admissible to show recklessness.

On September 4, 2009, the circuit court entered the Order, denying the First and Second Petitions. St. Clair timely filed this appeal.

On appeal, St. Clair contends:

> 1. The [circuit] court erred by declaring the issue of ineffective assistance of counsel without merit.
>
> A direct appeal was prepared and submitted by [St. Clair's] trial attorney, Michael McPherson (deceased) and filed April 30, 2003 with the Hawaii Supreme Court. The appeal contains three examples of the Court's opinion bearing words: "unhelpful" (p14), "no authority (p13), and "un-able to discern" (p16). These opinions, when viewed as a whole, are clear evidence that the highest court in the State saw the attorney's submission as ineffective.
>
> 2. The [circuit] court erred in the sentencing of [St. Clair] to restitution . . . .:
>
> . . . .
>
> B. The [circuit] court erred under under Hawaii Revised Statutes (hereinafter, HRS) § 706-605(7) and HRS § 706-646(3) where "The court shall consider the Defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment." This issue was argued in State v. Gaylord, but [St. Clair] contends that the court did consider the "Defendant's ability to pay" but erred in no [sic] establishing the time and manner of payment in court. HRS § 706-646(3).
>
> 3. The [circuit] court erred in allowing a Judge other than the . . . Judge that sentenced [St. Clair], to adjudicate the Petition.
>
> This error is not alleged in the Petition, but the error did not occur until the Petition was ruled upon by Judge Strance with the [circuit] court's Minute Order. The Minute Order and the Finding[s] of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody are part of the Record on Appeal. This error is a clear violation of the Code of Conduct for United States Judges, Canon 3B(1)(5). Although the trial Judge, Ronald Ibarra, has new duties in the Third Circuit, Drug Court he nevertheless still sits as Judge within the district and is part of the same court. As discussed in State v. Andrews, 2008, Haw. LEXIS 44, No. 27668, Feb. 20:
>
>> [The] petitioner posits that because "a Judge's discretion to overrule or modify the decision of another Judge requires 'cogent reasons' and is constrained by considerations of 'courtesy and comity[,] Wong v. City & County of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983),'" Judge Stance [sic] was constrained in her discretion to reduce or modify Judge Ibarra's sentence[.]

(Record references omitted.)

3

## II.   STANDARD OF REVIEW

Regarding the denial of an HRPP Rule 40 petition without an evidentiary hearing, HRPP Rule 40(f) provides in relevant part:

> (f) *Hearings.*  If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

In <u>Barnett v. State</u>, 91 Hawai'i 20, 979 P.2d 1046 (1999), the Hawai'i Supreme Court stated:

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.  Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  *The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.*

<u>State v. Allen</u>, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987) (emphasis added).

> In this regard, the appellate court steps into the trial court's position, reviews the same trial record, and redecides the issue.  Because the appellate court's determination of "whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court" is a question of law, the trial court's decision is reviewed *de novo*.  <u>See</u> <u>United States v. Burrows</u>, 872 F.2d 915 (9th Cir. 1989) (denial of a post-conviction motion based on ineffective assistance of counsel without conducting an evidentiary hearing is reviewed *de novo* for a determination of whether the files and records of the case conclusively show that petitioner is entitled to no relief).  Therefore, we hold that the issue whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing

of a colorable claim is reviewed *de novo*; thus, the right/wrong standard of review is applicable.

Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

Barnett, 91 Hawai'i at 26, 979 P.2d at 1052 (brackets and ellipsis omitted; emphasis in original).

## III.   DISCUSSION

### A.   ST. CLAIR'S FIRST POINT OF ERROR IS WAIVED.

In St. Clair's first point of error, he claims his appellate counsel was ineffective because counsel failed to submit a meritorious argument in his direct appeal.  This point was not raised in the First or Second Petition in the circuit court.  Therefore, St. Clair's first point of error on appeal is waived.  HRAP Rule 28(b)(4).

### B.   THE CIRCUIT COURT FAILED TO ESTABLISH THE MANNER OF RESTITUTION PAYMENTS.

St. Clair contends the Order failed to establish the time and manner of payment of restitution, pursuant to HRS § 706-646(3).  The Order's Finding of Fact No. 18 states:  "Judge Ibarra did make a finding that upon release from prison [St. Clair] would have the ability to pay restitution and thus ordered restitution to the victim's family."  The Order's Conclusion of Law No. 6 provides:  "The court cannot set the time of restitution payments when it sentences a defendant to prison. That does not mean that restitution should not have been ordered."  The language of HRS § 706-646(3) (Supp. 2005), which was applicable to St. Clair when he was sentenced on August 5, 2002, did not require that the circuit court "specify the time and manner in which restitution is to be paid."  That language was added to the statute in 2006.  2006 Haw. Sess. Laws Act 230, § 22 at 1011.  However, the Hawai'i Supreme Court held in 1995 that the sentencing court shall not only make a finding on the amount of restitution the defendant can afford to pay, but prescribe "the manner of payment" as well.  State v. Gaylord, 78 Hawai'i 127, 155, 890 P.2d 1167, 1195 (1995).

Upon remand, the circuit court shall enter an amended judgment that specifies the manner of restitution payments, limited by HRS § 353-22.6 (1993)[2] while St. Clair is incarcerated, and also addresses the manner of restitution payments if St. Clair is released from custody.

**C.    THERE WAS NO CODE OF CONDUCT VIOLATION.**

St. Clair contends Judge Strance should not have heard and ruled upon the First and Second Petitions because Judge Ibarra was the original presiding judge and was still an active judge within the same circuit.  St. Clair cites the Code of Conduct for United States Judges (Code) in support of his argument that Judges Ibarra and Strance are violating Canon 2 and 3 of the Code.

The Code applies to "United States Circuit Judges, District Judges, Court of International Trade Judges, Court of Federal Claims Judges, Bankruptcy Judges, and Magistrate Judges." Code of Conduct for United States Judges, n.3, http://www.utd. uscourts.gov/judges/judges_code.html.  The Code does not apply to Judges Strance and Ibaraa because they are not United States Circuit or District Court Judges.  They are judges of the State of Hawai'i, Third Judicial Circuit.

**IV.    CONCLUSION**

The "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" filed on September 4, 2009 in the Circuit Court of the Third Circuit is affirmed, with the exception of Conclusions of Law 6 and 11 (stating that St. Clair's petition was without merit), which are vacated.  This

---

[2]  HRS § 353-22.6 provides:

**§353-22.6  Victim restitution.**  The director of public safety shall enforce victim restitution orders against moneys earned by the prisoner while incarcerated.  The amount deducted and paid once annually to the victim shall be ten per cent of the prisoner's annual earnings.  This section shall not apply to moneys earned on work furlough pursuant to section 353-17.

case is remanded to the circuit court for further proceedings limited to the manner of restitution payments by St. Clair.

DATED:   Honolulu, Hawai'i, July 22, 2010.

On the briefs:

Stephen Keith St. Clair,
Petitioner-Appellant pro se.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Respondant-Appellee.

Chief Judge

Associate Judge

Associate Judge