**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000053
19-NOV-2018
08:56 AM**

NO. CAAP-16-0000053

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STEPHEN KEITH ST. CLAIR, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 14-1-008K (CR. NO. 02-1-0064K))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Petitioner-Appellant Stephen St. Clair (St. Clair)
appeals from (1) the "Order Denying Petition to Vacate, Set
Aside, or Correct Judgment or to Release Petitioner from Custody;
Habeas Corpus," filed on April 27, 2015 (Order Denying Petition)
and (2) the "Order Denying 'Motion for Reconsideration of
Petition to Vacate, Set Aside, or Correct Judgment or to Release
Petitioner from Custody; Habeas Corpus,'" (Order Denying
Reconsideration) filed on December 31, 2015 in the Circuit Court
of the Third Circuit (Circuit Court).[1]

St. Clair was convicted after a jury trial of
manslaughter, operating a vehicle under the influence of an

---

[1] The Honorable Melvin H. Fujino presided.

intoxicant, and driving without no-fault insurance.[2]  See State v. St. Clair, 101 Hawai'i 280, 283-86, 67 P.3d 779, 782-85 (2003) (St. Clair I).  These convictions arose out of St. Clair's driving while intoxicated and striking and killing a pedestrian, Jane O'Brien, on February 23, 2002.  At trial, St. Clair admitted that he had consumed at least twelve beers before the accident, and the State showed that his blood alcohol content was .211 grams per one hundred milliliters of blood immediately following the accident.  As relevant to this appeal, St. Clair was sentenced to a twenty year term of incarceration.

In this appeal, St. Clair challenges the Circuit Court's Order Denying Petition and Order Denying Reconsideration, which had denied St. Clair's petition filed under Hawai'i Rule of Penal Procedure (HRPP) Rule 40 (Petition).  St. Clair's Petition challenged the Hawai'i Paroling Authority's (HPA) order, following a hearing in April of 2014, determining that St. Clair merited a Level III punishment classification and that his minimum term of imprisonment (MTI) should be thirteen years (2014 MTI Order).  After St. Clair filed his Petition but before the Circuit Court denied his Motion for Reconsideration, the HPA entered a new order following a new MTI hearing in May of 2015 which affirmed St. Clair's Level III classification and an MTI of thirteen years (2015 MTI Order).

St. Clair raises four points of error.  In Point One, St. Clair argues that the decision by the HPA to base its MTI decision in the 2015 MTI Order on the sole factor of "Nature of Offense" resulted in an illegal sentence because the finding that he acted "callously" implicates an intent or knowing state of mind but he was convicted for acting recklessly.  In Point Two, St. Clair argues that the Circuit Court erred in finding that his claims were moot.  In Point Three, St. Clair argues the Circuit Court erred in not finding that his claims, if moot, qualified

---

[2]     A large part of the facts regarding St. Clair's conviction are taken from this court's decision in St. Clair v. State, CAAP-11-0000359, 2013 WL 6762256 (Dec. 20, 2013) (Mem. Op.) without further attribution.

for an exception to the mootness doctrine and they should be decided. Finally, in Point Four, St. Clair argues the Circuit Court erred in finding his request for findings of fact and conclusions of law were moot.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve St. Clair's points of error as follows:

(1) This court does not have jurisdiction to consider the Circuit Court's Order Denying Petition as the Notice of Appeal was untimely filed. This court has an obligation to determine *sua sponte* whether we have jurisdiction over an appeal. See State v. Bryan, 124 Hawai'i 404, 410, 245 P.3d 477, 483 (App. 2010)(citing Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003)). The right of appeal in a criminal case is purely statutory and, as such, it is only available where provided by some constitutional or statutory provision. See Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995). Pursuant to Hawaii Revised Statutes (HRS) § 641-11 and HRPP Rule 40, appeals from proceedings for post-conviction relief must be taken in accordance with Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b). See id. "[P]ursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Id.

The Circuit Court's Order Denying Petition was entered on April 27, 2015 and was an appealable final order pursuant to HRS § 641-11 and HRPP 40(h). See id. (notice of appeal of order denying post-conviction relief must be filed within thirty days after entry of the order denying HRPP Rule 40 petition under HRAP Rule 4(b)). St. Clair's next filing was his Motion for Reconsideration on June 29, 2015, over thirty days after the order denying his Rule 40 Petition, which, regardless, is not a

tolling motion. See State v. Brandimart, 68 Haw. 495, 496, 720 P.2d 1009, 1010 (1986) (motion for reconsideration under HRPP 47 is not a tolling motion). No appeal of the Order Denying Petition was filed until January 27, 2016, well beyond the time-limits required by HRAP 4(b). Therefore, this court does not have jurisdiction over the Order Denying Petition. See id. ("[C]ompliance with the requirement of the timely filing of a notice of appeal is jurisdictional" and "[w]e must dismiss an appeal on our own motion if we lack jurisdiction.")

In addition, St. Clair has not argued and the court does not find that any exception to this general rule is applicable as this is not a direct appeal from a criminal conviction and there is no basis to believe the Circuit Court's decision was unannounced or that no entry of judgment was ever provided. See Grattafiori, 79 Hawaiʻi at 13-14, 897 P.2d at 940-41 (recognizing exceptions to requirement that notices of appeal be timely filed with respect to direct appeals from a criminal conviction in some instances or when the lower court's decision was unannounced and no entry of judgment was ever provided). However, St. Clair did timely file his notice of appeal within thirty days of the Circuit Court's entry of its Order Denying Reconsideration. Therefore, we have appellate jurisdiction over that order and we will review only claims with respect to the Circuit Court's denial of the Motion for Reconsideration.

(2) St. Clair filed his Motion for Reconsideration asking the Circuit Court to reconsider its Order Denying Petition, which denied his request for post-conviction relief under HRPP Rule 40. HRPP Rule 47 is the general rule allowing parties to apply to the court for an order under the Hawaiʻi Rules of Penal Procedure. See HRPP Rule 47. A party may use this rule to ask the court to reconsider a previous ruling. See Brandimart, 68 Haw. at 496, 720 P.2d at 1010 ("The State filed

4

its motion for reconsideration pursuant to [HRPP] Rule 47"[3]).

> [T]he purpose of a motion for reconsideration is to
> allow the parties to present new evidence and/or
> arguments that could not have been presented during
> the earlier adjudicated motion.  Reconsideration is
> not a device to relitigate old matters or to raise
> arguments or evidence that could and should have been
> brought during the earlier proceeding.

Cho v. State, 115 Hawai'i 373, 384, 168 P.3d 17, 28 (2007)
(quoting Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539,
547 (2000) (reviewing motion for reconsideration based on Hawai'i
Rule of Civil Procedure Rule 60)).

St. Clair's first point of error argues that the
decision by the HPA to base its MTI decision in the 2015 MTI
Order on the sole factor of "Nature of Offense" resulted in an
illegal sentence because the finding that he acted "callously"
implicates an intent or knowing state of mind that the jury did
not find by convicting him for acting recklessly.

In order to understand St. Clair's claim, a general
understanding of the background of the relevant HPA Guidelines is
instructive.  "The legislature required the HPA to establish
guidelines for the 'uniform determination of minimum sentences
which shall take into account both the nature and degree of the
offense of the prisoner and the prisoner's criminal history and
character.'" Fagaragan v. State, 132 Hawai'i 224, 238, 320 P.3d
889, 903 (2014)(quoting HRS § 706-669(8)).  A deviation from the
HPA Guidelines, without explanation, is an arbitrary and
capricious action that violates a prisoner's right to a uniform
determination of his minimum sentence.  Coulter v. State, 116
Hawai'i 181, 185, 172 P.3d 493, 497 (2007).

> In establishing the minimum term, the HPA considers a
> variety of factors including the prisoner's
> characteristics and the nature of the underlying

---

[3]     The then effective HRPP Rule 47 (1985) provided, in part, that an
"application to the court for an order shall be by motion" and "shall state
the grounds upon which it is made and shall set forth the relief or order
sought."  HRPP Rule 47 has since been amended and expanded, but is
substantively the same as it remains the general rule providing that "[a]n
application to the court for an order shall be by motion" and "shall state the
grounds upon which it is made and shall set forth the relief or order sought."
HRPP Rule 47(a)(2000).

> offense. <u>See</u> <u>State v. Bernades</u>, 71 Haw. 485, 490, 795 P.2d 842, 845 (1990). Section III of the HPA Guidelines requires the Order Establishing Minimum Terms of Imprisonment to include the "specific minimum term(s) established in years and/or months, the level of punishment (Level I, II, or III) under which the inmate falls, and the significant criteria upon which the decision was based."

<u>Fagaragan</u>, 132 Hawai'i at 239, 320 P.3d at 904 (footnote and emphasis omitted). In St. Clair's case, the HPA in its 2015 MTI Order based its Level III classification decision on the sole significant criterion of "Nature of Offense." One factor in support of Level III classification, and the only one applicable to the facts of St. Clair's manslaughter conviction, is whether "[t]he offense was against a person(s) and the offender displayed a callous and/or cruel disregard for the safety and welfare of others."

In 2013, this court specifically held that there was sufficient evidence to support the HPA's finding that the "Nature of Offense" criterion was satisfied in St. Clair's case in that the evidence supported that he displayed a callous disregard for the safety and welfare of others. <u>See</u> <u>St. Clair v. State</u>, CAAP-11-0000359, 2013 WL 6762256 at *5 (Dec. 20, 2013) (Mem. Op.) (St. Clair II). This court explained:

> We conclude that there was sufficient evidence in the record to support a determination that St. Clair displayed a callous disregard for the safety and welfare of others. The term "callous" is defined to include: "insensitive; indifferent; unsympathetic." Callous Definition, Dictionary.com, http://dictionary.reference.com/browse/callous (last visited Dec. 17, 2013). Evidence in the record shows that St. Clair drank large quantities of alcohol, resulting in his blood alcohol exceeding twice the legal limit, drove recklessly in the middle of the day, struck and killed the victim and almost struck the victim's sister, all after he had previously been convicted several times for drunk driving and had been specifically warned just prior to the incident that he should not drive because he was drunk. There was sufficient evidence to show that in committing the manslaughter offense, St. Clair displayed an insensitive, indifferent, or unsympathetic disregard for the safety and welfare of others. Therefore, the HPA did not err in relying on the Nature of Offense as a significant factor in placing St. Clair in the Level III level of punishment.

<u>Id.</u>

6

St. Clair has presented neither new evidence nor new arguments that could not have been presented before with respect to the HPA's decision that the Nature of the Offense was a legitimate substantial factor in setting his Level III classification. Motions for reconsideration are not mechanisms by which to re-litigate old matters. See Cho, 115 Hawaiʻi at 384, 168 P.3d at 28. Therefore, St. Clair's claim in Point One is not a proper subject of the motion for reconsideration. See id. In addition, contrary to St. Clair's argument on appeal, we see no conflict between the jury's finding that St. Clair's act of manslaughter was done with a reckless mental state and the HPA's determination that St. Clair's actions were done with a "callous disregard for the safety and welfare of others." See St. Clair II, at *5. As explained by the Hawaiʻi Supreme Court in his direct appeal,

> "A person acts recklessly with respect to a result of his [or her] conduct when he [or she] consciously disregards a substantial and unjustifiable risk that his [or her] conduct will cause such a result." HRS § 702-206(3)(c) (1993). "A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him [or her], the disregard of the risk involves a gross deviation from the standard of conduct that a law abiding person would observe in the same situation." HRS § 702-206(3)(d) (1993).

St. Clair I, 101 Hawaiʻi at 282 n. 1, 67 P.3d at 781 n. 1. St. Clair's act of consciously disregarding a substantial and unjustifiable risk is consistent with the HPA's finding that St. Clair acted with a callous disregard, meaning an insensitive, unsympathetic, or indifferent disregard, of the safety and welfare of others. See St. Clair II, at *5.

St. Clair's sole substantive claim regarding the validity of the HPA's 2015 MTI Order was his claim in Point One. Having rejected St. Clair's sole substantive claim of error with respect to the HPA's 2015 MTI Order, we find that the 2015 MTI Order setting St. Clair's level of punishment at Level III and establishing that has MTI should be thirteen years is valid and conforms with the HPA Guidelines. We also find that St. Clair

7

has not identified, and the court has not found, any due process violations. See De La Garza v. State, 129 Hawai'i 429, 439, 302 P.3d 697, 707 (2013) (judicial intervention is appropriate where the HPA has failed to exercise any discretion at all, acted arbitrarily and capriciously so as to give rise to a due process violation, or otherwise violated the prisoner's constitutional rights).

Although there were defects in the process and/or orders prior to the 2015 MTI Order, we have found that the 2015 MTI Order was valid and we see no due process violations. The HPA has consistently found since the 2010 MTI Order that St. Clair deserved Level III classification and that his MTI should be thirteen years. Since the 2010 MTI Order, the HPA has found that St. Clair's MTI should expire on August 1, 2015, which it did.

St. Clair also argues in Point Four on appeal that the HPA was required to issue additional findings of fact and conclusions of law in its 2015 MTI Order rather than merely listing the factors upon which the HPA relied in making its MTI decision. This court has already explained that it would be helpful in some cases for the HPA to provide more detailed explanations for its decisions, particularly where the HPA has taken an extraordinary action by setting a prisoner's MTI as the maximum term allowed by law. See Nichols v. State, 134 Hawai'i 390, 399, 341 P.3d 1190, 1199 (App. 2014). However, detailed explanations are not necessary where the record provides clear support for the HPA's exercise of its discretion. Id. Here, St. Clair did not receive the maximum term permitted by law and, as explained above, the record supports the HPA's punishment classification and MTI decision.

We find that Points One and Four have no merit.

(3) Having found that St. Clair's substantive claim of error regarding the 2015 MTI Order has no merit and having found no violation of due process, we may now dispose of St. Clair's remaining arguments. In Points Two and Three on appeal, St.

8

Clair argues that the Circuit Court's decision that his claims are moot was in error. In his argument in Points Two and Three on appeal, it appears St. Clair wants this court to find that the claims raised in his Petition are not moot. He argues, "[t]he claims brought before the [Circuit Court] are just as valid today as they were on September 12, 2014 with the filing of the Petition." St. Clair repeatedly references the Petition in his argument against a finding that his claims are moot. However, insofar as his claims on appeal relate solely to the Order Denying Petition, as explained above, we do not have jurisdiction to consider that Order.

The Order Denying Reconsideration also found that St. Clair's claims in his Motion for Reconsideration were moot as St. Clair's MTI term expired on or about August 1, 2015, meaning that St. Clair is now eligible for parole.

Regarding the mootness doctrine, the Hawaiʻi Supreme Court has explained:

> This court has long held that jurisdiction is the base requirement for any court resolving a dispute because, without jurisdiction, the court has no authority to consider the case. Further, the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so.

Lathrop v. Sakatani, 111 Hawaiʻi 307, 312, 141 P.3d 480, 485 (2006) (internal citations and quotations omitted). "A case is moot if the reviewing court can no longer grant effective relief. Stated another way, the central question before us is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." In re Thomas H. Gentry Revocable Tr., 138 Hawaiʻi 158, 171, 378 P.3d 874, 887 (2016) (internal citations and quotations omitted).

Both St. Clair's Petition and his Motion for Reconsideration contested the HPA's decision classifying St. Clair's punishment classification as Level III and determining

that his MTI should be thirteen years.  Regarding the claims asserted in his Petition, St. Clair was granted the relief to which he was entitled when the HPA granted and conducted the 2015 MTI hearing and the Order denying his Petition was not timely appealed.  See Coulter, 116 Hawai'i at 186-87, 172 P.3d at 498-99 (A new MTI hearing is appropriate relief where MTI order violated the HPA Guidelines).

The order over which we have jurisdiction on appeal, the Order Denying Reconsideration, found that St. Clair's claims with respect to his MTI established by the 2015 MTI Order were moot because St. Clair's MTI has now expired and he is eligible for parole.  We also agree that St. Clair's claims are moot because any decision this court would make regarding the 2015 MTI Order and the procedures through which the HPA established the MTI would be meaningless as St. Clair's MTI no longer has an effect on whether he is eligible for parole.  See In re Thomas H. Gentry Revocable Tr., 138 Hawai'i at 171, 378 P.3d at 887 (case is moot when reviewing court can no longer grant effective relief).  Although St. Clair claims in his briefing that the HPA has not started his parole process with the expiration of his MTI, that issue is not before this court as the Order Denying Reconsideration, the order over which we have jurisdiction, only pertained to St. Clair's Petition contesting his MTI.  Whether St. Clair should be granted parole now that his MTI has expired was not before the Circuit Court and is not an issue properly addressed now by this court.

St. Clair argues that the public interest exception to the mootness doctrine is applicable and necessitates a decision on the merits in his case.  The public interest exception only applies to cases that "affect the public interest" and are "capable of repetition, yet evading review."  Lathrop, 111 Hawai'i at 314, 141 P.3d at 487.  "Among the criteria considered in determining existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future

guidance of public officers, and the likelihood of future recurrence of the question." Id. at 314-15, 141 P.3d 487-88 (quoting Okada Trucking Co., Ltd. v. Bd. of Water Supply, 99 Hawaiʻi at 191, 196-97, 53 P.3d at 799, 804-05 (2002)). With respect to whether the issue is "capable of repetition, yet evading review," our courts have stated that it means "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit." Id. at 315, 141 P.3d at 488 (quoting Carl Corp. v. State, Dept. of Educ., 93 Hawaiʻi 155, 165, 997 P.2d 567, 577 (2000)).

We find that the public interest in St. Clair's claims on appeal is insignificant. St. Clair's claims involve his own MTI sentencing by the HPA, which is a fact-specific determination. We do not find any issues raised by St. Clair for which authoritative guidance is necessary. In addition, none of the claims raised by St. Clair would in the future evade full review, as evidenced by the multiple claims and instances of litigation in St. Clair's own case and the relief afforded him with respect thereto. We find the public interest exception is not applicable.[4]

We find that Points Two and Three have no merit.

---

[4] St. Clair does not argue that any other exception to the mootness doctrine applies in his case. We have already decided that the issues on appeal are not "capable of repetition, yet evading review" and do not satisfy the public interest exception. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (exception for cases capable of repetition yet evading review); Lathrop, 111 Hawaiʻi at 314-15, 141 P.3d at 487-88 (public interest exception). The remaining exception, the collateral consequences exception, has been applied by our courts in cases involving domestic violence and temporary restraining orders where there is "a reasonable possibility that prejudicial collateral consequences will occur." Hamilton, 119 Hawaiʻi at 9-10, 193 P.3d at 847-48. St. Clair has not identified any specific prejudicial collateral consequences that would occur should the court find his claims moot. Regardless, as we have found (1) the 2015 MTI Order complied with HPA Guidelines and (2) the MTI has expired and St. Clair is now eligible for parole, we do not see any obvious prejudicial collateral consequences resulting from our finding that the claims he has asserted are moot.

In summary, we have found that the 2015 MTI Order setting St. Clair's MTI at thirteen years complied with HPA Guidelines and did not offend due process. No other challenge has been made by St. Clair on appeal with respect to the substantive merits of that order. In addition, the HPA was not required to provide a more detailed explanation regarding St. Clair's punishment classification and MTI. Finally, prior to the Circuit Court's Order Denying Reconsideration, St. Clair's MTI expired. We find that any further decisions with regard to St. Clair's MTI would be moot as there is no effective relief the court could provide and we find no exception to the mootness doctrine applicable to St. Clair's case.

Therefore, IT IS HEREBY ORDERED that St. Clair's appeal from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; Habeas Corpus, filed on April 27, 2015 is dismissed for lack of appellate jurisdiction and the Order Denying "Motion for Reconsideration of Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; Habeas Corpus," filed on December 31, 2015 by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, November 19, 2018.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing & Ignacio)
for Petitioner-Appellant.

Diane K. Taira
and Richard W. Stacey
Deputy Attorneys General
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge