STATE OF HAWAII, Plaintiff-Appellee, *v*. DAVID CHARLES AFONG, Defendant-Appellant

NO. 6600

STATE OF HAWAII, Plaintiff-Appellee, *v*. CARLTON K. KAULUPALI, Defendant-Appellant

NO. 6644

STATE OF HAWAII, Plaintiff-Appellee, *v*. EDWARD ROA TALARO, Defendant-Appellant

NO. 6653

NOVEMBER 9, 1979

RICHARDSON, C.J., MENOR AND OGATA, JJ., RETIRED JUSTICES MARUMOTO AND KOBAYASHI ASSIGNED BY REASON OF VACANCIES

*Per Curiam:* S.C. No. 6600, State of Hawaii *v*. David Charles Afong; No. 6644, State of Hawaii *v*. Carlton K. Kaulupali; and No. 6653, State of Hawaii *v*. Edward Roa Talaro, have been consolidated for the purposes of appeal.

Each Appellant was convicted of one or more counts of burglary in the first degree, under HRS § 708-810(1) (c). They were each sentenced to mandatory minimum prison terms pursuant to the provisions of Act 181, S.L.H. 1976 [now HRS § 706-606.5], which provides:

Sentencing of repeat offenders. Notwithstanding section 706-669 and any other law to the contrary, any person convicted under sections 707-701 relating to murder, 707-710 relating to assault in the first degree, 707-720 relating to kidnapping, 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree, *708-810 relating to burglary in the first degree*, 708-840 relating to robbery in the first degree, 712-1241 relating to the promoting of a dangerous drug in the first degree, 712-1242 relating to the promoting of a dangerous drug in the second degree, or 712-1244 relating to the promoting of a harmful drug in the first degree, who has a prior conviction for the same offense in this or another jurisdiction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(1) Second conviction for the same offense — 5 years;

(2) Third conviction for same offense — 10 years.

The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant. (Emphasis added)

With respect to defendants Kaulupali and Talaro, we find that *State of Hawaii v. Joseph Freitas, Jr. and Kenneth L. Karren*, S.C. Nos. 6896 and 7005, decided this day, is dispositive of the issues they have raised in their appeal. Accordingly, the judgments and sentences in their respective cases are affirmed.

As to defendant Afong, however, the judgment and sentence of the trial court is reversed and the matter is remanded for resentencing in accordance with our opinion in *State v. Freitas and Karren, supra*. Unless conceded by the defendant, the state is required to show, by evidence satisfactory to

the court, *see Id.*, the fact of the defendant's prior conviction, as well as the fact of his representation by counsel, or the waiver thereof, at the time of his prior conviction. *Id.; cf. Burgett v. Texas*, 389 U.S. 109 (1967); *State v. Kamae*, 56 Haw. 628, 548 P.2d 622 (1976). In this case, one James Campaniano, a supervising clerk of the circuit court of the first circuit, was called by the State to testify and through him a copy of the indictment in the prior case was introduced into evidence. Also admitted into evidence was a certified copy of the judgment of conviction in Cr. No. 47257. Thereafter, one Filiberto Hernandez, a probation officer assigned to the circuit court of the first circuit, testified and identified defendant Afong as the defendant who had been placed under his probationary supervision pursuant to the judgment in Cr. No. 47257. Under these circumstances, the fact of prior conviction was sufficiently proved. Proof of legal representation, however, was less than satisfactory. All we have before us on this issue is the following exchange to be found in the transcript of the Act 181 proceedings:

THE COURT: Anything else?

MISS GARCIA: The State would also ask that the court take judicial notice from the court records under Criminal 47257 that Kathy Agor, a Public Defender, was the counsel for both defendants including the defendant in that case.

MR. ENOKI: I object. I haven't seen the records. I don't know anything about them.

THE COURT: Where is the record?

MISS GARCIA: The court record for 47257.

THE COURT: Well, the court will take judicial notice of all records in file.

MR. ENOKI: Over objections, your Honor.

MISS GARCIA: The State has nothing further to add.

It would appear that the complete file in Cr. No. 47257 was never presented to the trial court for its perusal or to defense counsel for his examination. Thus, we have here a situation unlike that in *State v. Freitas and Karren, supra,* where the entire file of the earlier proceedings was presented to the

court for its examination. Even then we said that the better practice might have been for certified copies of relevant portions of the court records to have been made a part of the record in the Act 181 proceedings. Under Act 181 the defendant is being subjected to increased punishment by virtue of his prior conviction. It is essential, therefore, that evidence upon which the sentencing court is asked to rely to determine the fact of prior conviction and the fact of legal representation or the waiver thereof is properly presented to the court for its consideration.

Affirmed as to defendants Kaulupali and Talaro. Reversed and remanded as to defendant Afong, for resentencing in accordance with the procedures we have established for Act 181 proceedings.

*Raymond Gurcynski,* Deputy Public Defender for defendant-appellant Afong.

*Steve Miyasaka,* Deputy Public Defender for defendant-appellant Kaulupali.

*Pamela Berman,* Deputy Public Defender for defendant-appellant Talaro.

*Francis Yamashita,* Deputy Prosecuting Attorney for plaintiff-appellee.