**STATE OF HAWAII,** Plaintiff–Appellee, v. **CARL VARES,** Defendant–Appellant

NO. 14412

CASE NO.: MT5&6: 12/7/88

NOVEMBER 26, 1990

LUM, C.J., HAYASHI, WAKATSUKI, AND MOON, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA, IN PLACE OF PADGETT, J., RECUSED

OPINION OF THE COURT BY WAKATSUKI, J.

Carl Vares was convicted of driving under the influence of intoxicating liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291–4 for an incident which occurred on November 20, 1988. Upon sentencing for that offense, the trial court determined that Vares was a third time offender and sentenced Vares accordingly.[1] The court imposed a $1,000 fine, revoked Vares' driver's

---

[1] Under HRS § 291–4(b), penalties become harsher for subsequent DUI offenses. That subsection provides:

(b) A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For a first offense, or any offense not preceded within a five–year period by a conviction under this section, by:

(A) A fourteen–hour minimum alcohol abuse rehabilitation program including education and counseling, or other comparable program deemed appropriate by the court; and

license for a period of three years, assessed eight traffic points, and imposed a jail term of 180 days, but suspended all but 15 days of that term subject to certain conditions.

On appeal Vares contends that the trial court erred in sentencing him as a third time offender. He argues that a 1985 DUI

---

      (B)  Ninety–day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license, or the court may impose, in lieu of the ninety–day prompt suspension of license, a minimum thirty–day prompt suspension of license with absolute prohibition from operating a motor vehicle and, for the remainder of the ninety–day period, a restriction on the license that allows the person to drive for limited work–related purposes and to participate in alcoholism treatment programs; and

      (C)  Any one or more of the following:

          (i)   Seventy–two hours of community service work; or

          (ii)  Not less than forty–eight hours of imprisonment; or

          (iii)  A fine of not less than $150 but not more than $1,000.

(2)  For an offense which occurs within five years of a prior conviction under this section:

      (A)  Prompt suspension of license for a period of one year with the absolute prohibition from operating a motor vehicle during suspension of license;

      (B)  Either one of the following:

          (i)   Not less than eighty hours of community service work; or

          (ii)  Not less than forty–eight consecutive hours of imprisonment; and

      (C)  A fine of not less than $500 but not more than $1,000.

(3)  For an offense which occurs within five years of two prior convictions under this section, by:

      (A)  A fine of not less than $500 but not more than $1,000;

      (B)  Revocation of license for a period not less than one year but not more than five years; and

      (C)  Not less than ten days but not more than one hundred eighty days imprisonment.

(4)  Notwithstanding any other law to the contrary, any conviction for driving under the influence of intoxicating liquor, shall be considered a prior conviction.

conviction cannot be used to support the enhanced sentence which was imposed. We agree.

A.

On July 25, 1985, Vares was arraigned in the district court of the second circuit for DUI and other traffic violations. Prior to proceeding with the calendar of arraignments and pleas, the district court explained to all of the defendants present the procedure to be followed. As part of this preliminary briefing, the court advised all the defendants that although not mandatory, they had the right to consult with an attorney prior to entering a plea. The court also advised those charged with DUI that they were entitled to a court–appointed attorney if unable to afford one. The court concluded by stating:

> The last thing I want to tell you is that if you have any questions about anything that goes on this morning, you don't understand the procedure or don't understand the charge or your rights, I will expect you to indicate to me there is something you don't understand. You have to ask a question. If you don't then I'm going to assume that you understand the procedures and your rights pertaining to these charges.

When Vares was arraigned, the court asked if Vares had been present during the court's opening statement. Vares responded that he was and that he understood the charges and penalties. He entered a plea of no contest to the DUI charge. Vares did not ask any questions nor did he indicate that he did not understand his rights. Nonetheless, he now argues that this record of the 1985 proceeding is insufficient to show that he voluntarily and intelligently waived his right to counsel.

## B.

An uncounseled conviction cannot be used collaterally to support an enhanced sentence where such enhanced sentence includes a term of imprisonment. *Baldasar v. Illinois*, 446 U.S. 222 (1980); *State v. Kamae*, 56 Haw. 628, 548 P.2d 632 (1976). *Compare State v. Hoglund*, 71 Haw. 147, 785 P.2d 1311 (1990) (uncounseled conviction valid to support enhanced sentence where imprisonment not imposed).

Vares' enhanced sentence as a third–time DUI offender included a term of imprisonment. It is undisputed that when Vares was convicted in 1985 he was not represented by counsel. Thus, the 1985 conviction cannot be used to support the enhanced sentence he received unless Vares voluntarily and intelligently chose to proceed without counsel. *State v. Dicks*, 57 Haw. 46, 549 P.2d 727 (1976).

"Courts are most solicitous to assure an accused adequate legal representation and guardingly indulge in a strong presumption against waiver of this fundamental right." *Wong v. Among*, 52 Haw. 420, 424, 477 P.2d 630, 633 (1970). To determine whether a waiver was voluntarily and intelligently undertaken, this court will look to the totality of facts and circumstances of each particular case. *State v. Dicks*, 57 Haw. at 48, 549 P.2d at 729.

In *Carvalho v. Olim*, 55 Haw. 336, 342–43, 519 P.2d 892, 897 (1974), this court quoted from *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948):

The fact that an accused may tell him [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges

and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

This court in *Carvalho v. Olim, supra,* granted the petitioner's writ of habeas corpus on the ground that the State failed to show that waiver of counsel was voluntarily and intelligently undertaken when petitioner earlier entered a plea of guilty to a murder charge. Prior to entering his plea, the petitioner had originally asked for an attorney, but changed his mind after a recess. The prosecuting attorneys tried to persuade him not to plead guilty and reminded him that he was entitled to a court–appointed attorney. The judge repeated the advice, but the petitioner twice responded that he did not want an attorney. Despite this colloquy, this court pointed out that

the testimony does not indicate that the trial judge made an effort to explain what his rejection of counsel really entailed. Without a proper showing that an effort in this regard was made, we cannot find that the petitioner voluntarily and intelligently waived his right to counsel[.]

*Carvalho v. Olim,* 55 Haw. at 342–43, 519 P.2d at 897 (footnote omitted).

Voluntary and intelligent waivers of counsel were found in *State v. Dicks, supra.* The trial judge in that case questioned the two defendants extensively about their waivers, and inquired into the ages, educational backgrounds and experience in court. The trial judge determined that the defendants possessed superior ability and were capable of thinking and deciding for themselves.

The facts and circumstances in this case fall far short of the standards for waiver enunciated in *Dicks* and *Carvalho.* The trial

judge in this case did not address Vares personally and individually about waiving his right to counsel. There was no inquiry into Vares' background, no explanation of the ramifications of the rejection of counsel, and no determination that Vares clearly understood his right to counsel but intelligently and voluntarily waived it.

We hold that under such circumstances, the 1985 DUI conviction amounted to an uncounseled conviction. It cannot, therefore, be utilized to sustain the enhanced sentence imposed. Vares' sentence is vacated and this case is remanded to the trial court for resentencing of Vares as a second–time offender under HRS § 291–4(b).

*Debra K. Loy*, Deputy Public Defender, on the brief for defendant–appellant.

*Gregory N. Dolton*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.