**STATE OF HAWAII**, Plaintiff–Appellee, v. **FOLOTOTO PAU'U**, Defendant–Appellant

NO. 14935

(CR. NO. 90–0185)

JANUARY 14, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Folototo Pau'u was convicted of one count of credit card theft, Hawaii Revised Statutes (HRS) § 708–8102(5), two counts of theft in the fourth degree, HRS § 708–833, and one count of driving without a license, HRS § 286–102, based on stipulated facts entered into evidence in a jury–waived trial.

Pau'u appeals his convictions on the credit card theft and fourth degree theft charges. He contends that the circuit court erred in denying his motion to suppress some evidence, including a confession. We agree, and therefore, vacate the convictions.[1]

I.

Pau'u was a theft suspect. Acting upon information that Pau'u would be driving a particularly described car and dropping his daughter off at Honowai Elementary School, police officer Acedilla waited for Pau'u outside the school grounds. As Pau'u drove off the school grounds, Acedilla followed. Clearly the police wanted to apprehend Pau'u for the theft crimes; however, as he followed Pau'u's car, Acedilla determined that the vehicle tax and safety check on Pau'u's car had expired.

---

[1] The evidence sought to be suppressed is unrelated to the charge of driving without a license. Pau'u does not allege any error on appeal as to this charge. Therefore, his conviction of driving without a license is affirmed.

Acedilla radioed for assistance in stopping Pauʻu. Several officers responded by surrounding Pauʻu's car in the roadway at Waipahu Depot Road and Hikimoe Street. Pauʻu was initially ordered to place his hands on the dashboard, then ordered out of his car and arrested. Because Pauʻu's car was stopped in the roadway of a busy thoroughfare, Sgt. Duarte entered the car to drive it off the road. While in the car, Duarte observed a black bag. Stolen credit cards were found in the black bag. While still at the arrest scene, one of the police officers approached Pauʻu with the credit cards, and stated to Pauʻu, "You've been a busy boy, haven't you." [2] Later, at the police station, Pauʻu, although informed of his *Miranda* rights, consented to a search of his car, and also confessed to the theft crimes.

Pauʻu sought to suppress evidence obtained from the search of his black bag and car and of his confession. At the hearing on the motion to suppress, Pauʻu testified that he consented to the search and gave a statement to the police because he felt that refusal would have been futile since the police had already searched his bag without his consent and found the stolen credit cards.

The circuit court held that the police had conducted an illegal warrantless search of the black bag. Thus, evidence of the credit cards found therein was suppressed. The court, however, held that Pauʻu's consent to the search of his car and his confession were voluntarily given. The court further held that the consent and confession were free of any taint of the illegal search of the black bag. Thus, Pauʻu's statement to the police while in custody and evidence obtained from the search of the car were admitted at trial.

---

[2] At oral argument, the State argued that this was merely Pauʻu's testimony, which the trial court could have rejected as incredible. The transcript shows, however, that the parties stipulated to this fact. Transcript of September 5, 1990 at 33. There is no indication that the trial court rejected this stipulation. *Cf. State v. Tangalin*, 66 Haw. 100, 657 P.2d 1025 (1983).

## II.

The Fourth Amendment to the United States Constitution and its counterpart, article I, section 7 of the Hawaii Constitution, guarantee the right of persons to be free from unreasonable searches conducted without a warrant. Under the Fifth Amendment to the United States Constitution and article I, section 10 of the Hawaii Constitution, "[n]o person shall . . . be compelled in any criminal case to be a witness against himself (oneself) [.]" When a confession or other evidence is obtained in violation of either of these rights, the prosecution will not be permitted to use it to secure a defendant's criminal conviction. *State v. Russo*, 67 Haw. 126, 681 P.2d 553 (1984).

These constitutional rights may be voluntarily waived by the defendant. It is well–recognized that "[a] search conducted pursuant to voluntary and uncoerced consent by the person being searched is one of the exceptions to the warrant requirement." *State v. Mahone*, 67 Haw. 644, 646, 701 P.2d 171, 173 (1985). Also, "volunteered confessions or admissions, obtained independent of express police questioning or its functional equivalent, are admissible [as evidence]." *State v. Ikaika*, 67 Haw. 563, 566, 698 P.2d 281, 284 (1985).

Any waiver of one's constitutional rights must be voluntarily and intelligently undertaken, *State v. Vares*, 71 Haw. 617, 621, 801 P.2d 555, 557 (1990), and it is the government's burden to show that the waiver was voluntary and uncoerced, *State v. Kaahanui*, 69 Haw. 473, 478, 747 P.2d 1276, 1279 (1987); *State v. Merjil*, 65 Haw. 601, 605, 655 P.2d 864, 868 (1982). This burden " 'is particularly heavy in cases where the individual is under arrest.' *Judd v. United States*, 190 F.2d 649, 651 (D.C. Cir. 1951)." *State v. Russo*, 67 Haw. at 137, 681 P.2d at 562. And a waiver, even though uncoerced and intelligently given, will be invalid if

induced by a prior illegality. *State v Knight*, 63 Haw. 90, 94, 621 P.2d 370, 374 (1980); *State v. Kitashiro*, 48 Haw. 204, 216, 397 P.2d 558, 565 (1964). When the defendant makes a showing that waiver was predicated upon an illegal search, the government's burden in rebutting the invalidity of the waiver is to show that the waiver "has [not] been come at by exploitation of that illegality [but] instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (quoting MAGUIRE, EVIDENCE OF GUILT 221 (1959)).

Here, Pauʻu concedes that his consent to the search of his car and his confession were voluntary to the extent that he understood his constitutional rights and was not coerced into waiving them. He asserts, however, that the only reason he consented and confessed was that he felt he had no choice because the police already had the evidence to convict him when the credit cards were found in his bag. Pauʻu's contention is supported by the evidence. At trial, the parties stipulated that "[w]hile in police custody and still at the arrest scene, one of the officers approached Defendant Pauʻu and showed him a handful of credit cards that the officer had just taken from the black bag found in Defendant Pauʻu's car. The officer stated to Defendant Pauʻu, 'You've been a busy boy, haven't you.' " Tr. of 9/5/90 at 33. Further, Detective Harada, to whom Pauʻu made his statement of confession, testified that he informed Pauʻu of his *Miranda* rights, showed Pauʻu photocopies of the credit cards obtained from the bag, and Pauʻu then gave his statement. Tr. of 9/5/90 at 14–16.

The circuit court held that the search of the bag was illegal and the State does not challenge that holding. Pauʻu made a showing that his waivers of his Fourth and Fifth Amendment rights were predicated upon this illegal search. The State, therefore, had to demonstrate that the taint of the illegal search of the bag had been dissipated or that the waivers were induced by a source independent of the illegal search. The State offered no evidence in this

regard, but nonetheless the circuit court held that based on the totality of circumstances, Pau'u's waivers were not tainted by the illegal search.

The circuit court was correct in stating that in determining whether the waivers were tainted, the totality of circumstances must be considered. The court failed, however, to specify what were those circumstances that led to its conclusion.

The court's conclusion was unsupported by specific findings of fact that the waivers were not tainted, therefore, this court will review the entire record and exercise its independent judgment in determining whether Pau'u's waivers were valid. *See State v. Villeza*, 72 Haw. 327, 331, 817 P.2d 1054, 1056 (1991); *State v. Vares*, 71 Haw. at 621, 801 P.2d at 557–58.

The State argues that under the circumstances of Pau'u's arrest, namely that he was stopped by being surrounded by several police officers' cars, ordered to place his hands on the dashboard, then ordered out of the car, all of which occurred prior to the search of the black bag, Pau'u must have known or believed that the police already had the evidence to convict him, and at this point Pau'u must have felt the futility of withholding any consent or confession.

A similar argument was made and rejected in *State v. Kitashiro, supra*. In that case, an illegal search of the defendant's residence and car produced evidence of stolen auto parts. When the defendant was arrested, while being transported to the police station, a police officer mentioned to the defendant that the police had the auto parts. Prior to confessing to the crime, the defendant spoke with his father, who had been apprised by the police of what had occurred, including the fact that other accomplices had also been arrested. Based on these facts, the State argued that the defendant's confession was induced not by the fact that the police had found the stolen auto parts in the course of an illegal search, but rather upon the defendant's belief that his accomplices had already

implicated him. As there was no evidence to support the State's contention, this court held that such "surmise and inference" could not be regarded "as substantial evidence of an independent origin of the confessions[.]" *Id.* at 221–22, 397 P.2d at 568.

The State's argument in this case is similarly not based on any evidence but is merely surmise and speculative inference. We hold that the State has failed to meet its burden of showing that the taint of the prior illegal search had been dissipated or that there was an independent source which induced Pauʻu to waive his constitutional rights. Therefore, Pauʻu's consent to the search of his car and waiver of his Fifth Amendment right against self-incrimination were invalid and evidence obtained therefrom cannot be used against him.

We vacate the convictions and remand for a new trial.

*Joyce K. Matsumori–Hoshijo*, Deputy Public Defender, for defendant–appellant.

*Glenn T. Taniguchi*, Deputy Prosecuting Attorney, for plaintiff–appellee.