**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000612
29-APR-2021
07:59 AM
Dkt. 48 SO**

NO. CAAP-19-0000612

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOHN ALESANA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTC-19-027882)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant John Alesana (**Alesana**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on August 1, 2019 (**Judgment**), in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Alesana was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-

---

[1] The Honorable Ann S. Isobe presided.

62(a)(1) and/or (a)(2) (Supp. 2018), and sentenced pursuant to (c)(1).[2]

Alesana raises the following points of error on appeal: (1)(a) the District Court erred or plainly erred by admitting Exhibit 3, a Notice of Administrative Revocation, as well as Officer Jooney Hnong's (**Officer Hnong**) testimony relating to his advisement about the content of Exhibit 3 to Alesana because it was irrelevant; (1)(b) the District Court erred or plainly erred by admitting Exhibit 1, a Notice of Administrative Review

---

[2]   HRS § 291E-62 states in relevant part:

**§ 291E-62  Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**  (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

> (1)   In violation of any restrictions placed on the person's license;
>
> (2)   While the person's license or privilege to operate a vehicle remains suspended or revoked;
>
> . . . .

(c)   Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

> (1)   For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001:
>
> > (A)   A term of imprisonment of not less than three consecutive days but not more than thirty days;
> >
> > (B)   A fine of not less than $250 but not more than $1,000;
> >
> > (C)   Revocation of license and privilege to operate a vehicle for an additional year; and
> >
> > (D)   Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

Decision, because absent a showing it was received by Alesana, it was irrelevant to establish he was aware his license was revoked and, thus, he did not intentionally, knowingly, or recklessly disregard the risk his license or privilege to operate a vehicle remained revoked; (1)(c) the District Court erred in relying upon Exhibit 2, Alesana's traffic abstract, because it was irrelevant to prove that he was aware his license was revoked and, thus, he did not intentionally, knowingly, or recklessly disregard the risk his license or privilege to operate a vehicle had been revoked; and (2) the District Court erred by relying on Exhibit 1 because under HRS § 291E-34(c)(4) Alesana was not entitled to be present or represented at the administrative review hearing, therefore, it did not meet minimal due process requirements and could not be used to enhance his sentence from driving without a license to OVLPSR-OVUII.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alesana's points of error as follows:

(1) At trial, Alesana objected to the admission of Exhibits 1, 2, and 3 based on lack of foundation and/or violation of his confrontation right. Alesana did not object to Officer

Hnong's testimony at trial.  On appeal, Alesana challenges the relevance of Exhibits 1, 2, and 3.[3]

Plain errors affecting substantial rights may be noticed although they were not brought to the attention of the court.  State v. Metcalfe, 129 Hawaiʻi 206, 224-25, 297 P.3d 1062, 1080-81 (2013).  "However, objections to the admission of incompetent evidence, which a party failed to raise at trial, are generally not subject to plain error review."  Id. at 225, 297 P.3d at 1081 (citing, *inter alia*, State v. Uyesugi, 100 Hawaiʻi 442, 464, 60 P.3d 843, 865 (2002) ("In the absence of an objection and/or proper record, the admission of the testimony and picture does not amount to plain error.")).  Here, this court declines to recognize plain error in the admission of Exhibits 1, 2, and 3 and Officer Hnong's testimony.  The trier of fact may properly consider all admitted evidence to which there was no valid objection.  State v. Wallace, 80 Hawaiʻi 382, 410, 910 P.2d 695, 723 (1996) (quoting State v. Naeole, 62 Haw. 563, 570-71, 617 P.2d 820, 826 (1980) ("It is the general rule that evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute ground for reversal.")).  Therefore, we conclude that the District Court

---

[3]    Although Alesana states on appeal that there was insufficient foundation to admit Exhibit 1, he argues, "Absent any further foundation to make it relevant, [Exhibit 1] remained irrelevant and the district court erred for admitting over defense counsel's foundation objection," and "Alesana incorporates herein by reference the first paragraph of Section IV.A1 supra on HRE Rules 401 and 402."  Therefore, this court construes Alesana's objection to the admission of Exhibit 1 on appeal as a challenge to relevance.

did not err by considering Exhibits 1, 2, and 3 in determining whether Alesana was guilty of OVLPSR-OVUII.

The remainder of Alesana's challenges to the admission of Exhibits 1, 2, and 3 are construed as a claim of insufficient evidence to convict him of OVLPSR-OVUII, in particular that the State failed to adduce sufficient evidence to demonstrate Alesana acted with the requisite state of mind with respect to the revocation of his license.

When the evidence adduced in the trial court is considered in the strongest light for the prosecution, there was substantial evidence to convict Alesana of OVLPSR-OVUII. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702-204 (2014). HRS § 291E-62 does not specify the state of mind required to establish any elements of the offense; thus, the State must prove Alesana acted intentionally, knowingly, or recklessly.[4]

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have

---

[4]    "A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist." HRS § 702-206(3)(b) (2014). "A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702-206(3)(d) (2014).

consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (brackets, ellipsis, citation and internal quotation marks omitted). "Thus, the mind of alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id. (citation and internal quotation marks omitted).

Officer Brooke Carlbom (**Officer Carlbom**) testified that on March 28, 2019, she stopped Alesana on Kukui Street, which is a public way, street, road, or highway, in the City and County of Honolulu, State of Hawaiʻi, for failing to stop at a stop sign while he was operating a moped. Alesana did not produce his driver's license as requested, instead he verbally told Officer Carlbom his first and last name, address, date of birth, and last four digits of his Social Security number, which she wrote directly onto the citation issued to Alesana.

Office Hnong testified he arrested Alesana on May 29, 2018, for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) and driving without a license. He verbally conveyed to Alesana some of the content of Exhibit 3, the Notice of Administrative Revocation, specifically that it would not serve as a temporary permit to drive because he did not have a driver's license to forward to the Administrative Driver's License Revocation Office (**ADLRO**) and was arrested for driving

6

without a license. Alesana acknowledged that he understood, and he signed the fourth page of the Notice of Administrative Revocation in Officer Hnong's presence. Officer Hnong also listed Alesana's address, last four digits of his Social Security number, and year of birth on the Notice of Administrative Revocation based on information Alesana provided. The District Court found both officers' testimony credible.

Exhibit 2, a traffic abstract, contains Alesana's first and last name, last four digits of his Social Security number, and date of birth, all of which match the information Alesana provided to Officer Carlbom and the citation issued to Alesana. Therefore, Alesana was adequately linked to the traffic abstract. See, e.g., State v. Davis, 133 Hawaiʻi 102, 122, 324 P.3d 912, 932 (2014); and see also State v. Nishi, 9 Haw. App. 516, 527, 852 P.2d 476, 482 (1993).

The traffic abstract lists an Administrative Review for John A. Alesana for Case ID 18203244D, noting a "Notice of Admin Revocation Alcohol" for the date 05/29/2018 and "ADLRO Sustained" with the date 06/04/2018.

Exhibit 3, a Notice of Administrative Revocation, references "REPORT NO.: 18-203244" for "ALESANA, JOHN" and has the same address and last four digits of Alesana's Social Security number as the citation. It also states the arrest date as "5-29-18." The Notice of Administrative Revocation was adequately linked to Alesana by the traffic abstract as well as

7

Officer Hnong's testimony that Alesana signed the document. The Notice of Administrative Revocation stated that Alesana was the Respondent and that "You are the Respondent in this administrative proceeding. Pursuant to the Administrative Revocation Process, Chapter 291E, Part III, Hawaiʻi Revised Statutes ('HRS')[.]" It also stated it was not a temporary permit because Alesana was unlicensed or his license expired.

Exhibit 1, a Notice of Administrative Review Decision dated June 4 2018, references John A. Alesana, Date of Arrest of May 29, 2018, and Arrest Rpt. No. 18-203244, and the same address and last four digits of Alesana's Social Security number as the citation. Therefore, the Notice of Administrative Review Decision was adequately linked to Alesana by the traffic abstract and citation. The Notice of Administrative Review Decision indicates a 'Date of Decision **and Mailing**' of June 4, 2018, with Alesana's name and address appearing immediately thereafter, and stated Alesana's administrative revocation was sustained and his license and privilege to operate a vehicle were revoked from June 29, 2018 to June 28, 2019. (Emphasis added).

On March 29, 2019, Alesana operated or assumed actual physical control of a moped, which is included in the definition of a vehicle under HRS § 291E-1 (2007). Alesana's license was revoked from June 29, 2018 to June 28, 2019 pursuant to Part III of HRS Chapter 291E. Thus, there was substantial evidence that

Alesana drove or operated a vehicle while his license was revoked within the meaning of HRS § 291E-62(a).

When Alesana was arrested for Driving under the influence (**DUI**)[5] and driving without a license on May 29, 2018, Alesana did not have a driver's license and Officer Hnong explained to him that the Notice of Administrative Revocation would not be a temporary permit because he did not have a license to forward to the ADLRO. The Notice of Administrative Revocation also stated, "The administrative review decision shall be mailed to you: (a) No later than eight days after the date of the issuance of this Notice in the case of an alcohol related offense[.]" Pursuant to HRS § 291E-37 (Supp. 2017), the Director of the ADLRO must "issue a written decision administratively revoking the license and privilege to operate a vehicle or rescinding the notice of administrative revocation." HRS § 291E-37(a). "If the evidence does not support administrative revocation, the director shall rescind the notice of administrative revocation and return the respondent's license along with a certified statement that administrative revocation proceedings have been terminated." HRS § 291E-37(e). "If the director administratively revokes the respondent's license and privilege to operate a vehicle, the director shall mail a written review decision to the respondent, or to the parent or guardian

_____

[5] DUI is also referred to as OVUII. See State v. Spearman, 129 Hawaiʻi 146, 148, 296 P.3d 359, 361 (2013) (DUI under HRS § 291-4 now OVUII under HRS § 291E-61).

of the respondent if the respondent is under the age of eighteen." HRS § 291E-37(f). Alesana consciously disregarded a substantial and unjustifiable risk that his license was revoked when he operated a moped and was stopped by Officer Carlbom, even if there was no proof that Alesana actually received a copy of the Notice of Administrative Review Decision. See State v. Lioen, 106 Hawaiʻi 123, 132, 102 P.3d 367, 376 (App. 2004) (defendant acted recklessly in driving without determining whether his license remained revoked or suspended for DUI-alcohol when he knew his license had previously been suspended or revoked for DUI-alcohol and had knowledge he did not have a valid driver's license, and had the defendant inquired about the status of his license he would have learned his license remained administratively revoked as a result of his prior DUI-alcohol arrests); State v. Rios, CAAP-19-0000718, 2021 WL 964862, *2 (Haw. App. Mar. 15, 2021) (SDO), (defendant consciously disregarded substantial and unjustifiable risk license was revoked when he drove five months after receiving revocation form indicating he was arrested for OVUII, was unlicensed or license was expired, and a decision whether his license and privilege to operate a vehicle would be revoked would be mailed to him not later than eight days after issuance of the form).

(2) Citing State v. Afong, 61 Haw. 281, 602 P.2d 927 (1979) and State v. Vares, 71 Haw. 617, 801 P.2d 555 (1990), Alesana contends that the District Court erred by relying on

Exhibit 1 because under HRS § 291E-34(c)(4) Alesana was not entitled to be present or represented at the administrative review. Therefore, Alesana argues, it did not meet minimal due process requirements and could not be used to enhance his sentence from driving without a license to OVLPSR-OVUII.

While Alesana was sentenced to three days imprisonment, Alesana was not subject to a repeat offender provision as in Afong, 61 Haw. at 282-83, 602 P.2d at 929, or to an enhanced sentence as in Vares, 71 Haw. at 621, 801 P.2d at 557, because he was sentenced pursuant to HRS § 291E-62(c)(1) for a first offense. Thus, Afong and Vares are not directly applicable.

Alesana's argument also appears to be that his license revocation by the ADLRO should not have been used to prove an element of OVLPSR-OVUII because it was uncounseled. An uncounseled prior conviction may not be used to establish an element of an offense. See State v. Veikoso, 102 Hawai'i 219, 223-24, 74 P.3d 575, 579-80 (2003). "Generally, a conviction is defined as '[t]he final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, but does not include a final judgment which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory.'" State v. Shimabukuro, 100 Hawai'i 324, 326, 60 P.3d 274, 276 (2002) (citing Black's Law Dictionary 333–34 (6th ed. 1990)). Alesana's license revocation is not a conviction within the meaning of HRS

§ 291E-62 because it was not a final judgment on a verdict or finding of guilt, a guilty plea, or a plea of nolo contendere.

Citing HRS § 291E-34(c)(4) (Supp. 2018) which requires the Notice of Administrative Revocation to state "[t]hat the respondent is not entitled to be present or represented at the administrative review," Alesana argues that the statute violates his right to due process and right to be represented by counsel at a review hearing.

Since the proceeding to review Alesana's license revocation is a civil administrative proceeding and not a criminal proceeding, he has no constitutional right to counsel in the initial administrative license revocation proceeding. <u>See</u> <u>Norton v. Admin. Dir. of the Court</u>, 80 Hawaiʻi 197, 200, 908 P.2d 545, 548 (1995).[6]

Alesana conflates the automatic administrative review decision required by HRS § 291E-37 with an administrative hearing decision pursuant to HRS § 291E-38 (Supp. 2018).

Alesana has a statutory right to be present and be represented by counsel for an administrative hearing, but not for the initial administrative review. While HRS § 291E-34(c)(4) does not allow a respondent to be represented for the administrative review, if the administrative review decision

---

[6] <u>Norton</u> interpreted the administrative driver's license revocation process under HRS Chapter 286. Act 189 (2000), codified as HRS Chapter 291E, was enacted to "consolidate, for purposes of uniformity and consistency, where appropriate, the provisions relating to operating a vehicle while using an intoxicant." <u>State v. Wheeler</u>, 121 Hawaiʻi 383, 392 n.11, 219 P.3d 1170, 1179 n.11 (2009). Act 189 repealed HRS §§ 286-251 to 286-266 and enacted the Administrative Revocation Process in HRS §§ 291E-31 to 291E-50.

revokes a respondent's license and privilege to operate a vehicle, the administrative review decision must inform the respondent that he/she has six days to request a hearing and "that the respondent may be represented by counsel at the hearing[.]"  HRS § 291E-37(f)(2) and (6).  Both the Notice of Administrative Revocation and Notice of Administrative Review Decision stated an administrative hearing could be requested and that the respondent could be represented by counsel or an attorney.  There is nothing in the record to indicate Alesana requested an administrative hearing.

In <u>Kernan v. Tanaka</u>, 75 Haw. 1, 41, 856 P.2d 1207, 1227 (1993), the court held that "HRS chapter 286 Part XIV, the Administrative Revocation of Driver's License law, is constitutional because an arrestee's due process rights are fully protected."  The court held "the interest in a driver's license is not so great that more than an administrative review and hearing are needed to comport with the requirements of due process."  <u>Id.</u> at 31, 856 P.2d at 1222.  At the time, HRS § 286-258(b) and (c) allowed an arrestee to submit written information for the reviewing officer to consider and an administrative review of the police officer's actions occurred automatically.  <u>Id.</u> at 18, 865 P.2d at 1216-17.  The reviewing officer would then issue a written decision within eight days after the arrest which also informed the arrestee of the right to request an administrative hearing.  <u>Id.</u> at 18-19, 865 P.2d at 12-16-17.

HRS § 291E-34(c)(2) also provides:  "That the respondent, within three days of the issuance of the notice of administrative revocation in the case of an alcohol related offense and within seventeen days of the issuance of the notice of administrative revocation in the case of a drug related offense, may submit written information demonstrating why the respondent's license and privilege to operate a vehicle should not be administratively revoked[.]"  Alesana presents no specific argument or authority as to why HRS § 291E-34 does not comply with due process when a similar procedure in HRS § 286-258 was found to fully protect an arrestee's due process rights in Kernan.  Therefore, we conclude that the State did not need to establish that Alesana's license revocation was counseled before using it to prove an element of OVLPSR-OVUII and that Alesana's due process rights were not violated.

For these reasons, the District Court's August 1, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, April 29, 2021.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge