**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000706
27-OCT-2025
07:58 AM
Dkt. 113 SO**

NO. CAAP-24-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARIANO TAMAYO GARCES JR., Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000790(2))


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Mariano Tamayo **Garces** Jr. appeals the Circuit Court of the Second Circuit's "Judgment of Conviction and Sentence," entered September 26, 2024, for Murder in the Second Degree in the November 19, 2022 death of Amie Kaholoa'a.[1]

---

[1] The Honorable Peter T. Cahill presided.

On appeal, Garces challenges the admission of his statements to the police during custodial interrogation.[2]  Garces argues (1) the State failed to show his statement was voluntary, and (2) his waiver was defective.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)**  First, Garces argues that the State failed to meet its "particularly heavy" burden of proof that the waiver of his rights under Miranda was voluntary, knowing, and intelligent in light of his suicidality and "severely distressed mental state" mere hours before being interviewed.

To support this argument, Garces points to his suicidal statements to a Maui Police Department (**MPD**) 911 dispatcher (e.g., "I going up to the mountain to kill my -- I going up the mountain now.  I going kill myself now.") and an MPD officer (e.g., "I gonna a run away.  I gonna run away, brah.  Shoot me, brah.  Shoot me, brah.  Shoot me.").

---

[2]  Additionally, Garces argues that the admission of his involuntary confessions at trial was not harmless beyond a reasonable doubt, requiring vacatur and remand of his conviction.  However, because, as discussed below, we conclude the circuit court did not err in determining that Garces's confessions were voluntary, we do not reach this issue.

The United States and Hawaiʻi Constitutions guarantee that no one shall be compelled to testify against themselves in a criminal case:

> Under the fifth amendment to the United States Constitution and article 1, section 10 of the [Hawaiʻi] Constitution, "[n]o person shall . . . be compelled in any criminal case to be a witness against" himself or herself. State v. Pauʻu, 72 Haw. 505, 509, 824 P.2d 833, 835 (1992). When a confession or inculpatory statement is obtained in violation of either of these provisions, the prosecution will not be permitted to use it to secure a defendant's criminal conviction. Id. (citing State v. Russo, 67 Haw. 126, 681 P.2d 553 (1984)).

State v. Kelekolio, 74 Haw. 479, 501-02, 849 P.2d 58, 69 (1993) (footnote omitted).

The Hawaiʻi Supreme Court has explained that mental instability does not, by itself, render a confession involuntary:

> "[I]n the absence of insanity or mental depletion, neither the voluntary character nor the admissibility of a confession is affected by the mental instability of the person making it." State v. Kreps, 4 Haw. App. 72, 77, 661 P.2d 711, 715 (1983) (citations omitted). Rather, the person's mental state is relevant only to the weight and effect to be given to the confession by the trier of fact. Id. at 78, 661 P.2d at 715 (citations omitted).

Id. at 503, 849 P.2d at 70.

Instead, appellate courts must "examine the entire record and make an independent determination of the ultimate issue of voluntariness based upon that review and the totality of circumstances surrounding [the defendant's] statement." State v. Baker, 147 Hawaiʻi 413, 422, 465 P.3d 860, 869 (2020) (quoting Kelekolio, 74 Haw. at 502, 849 P.2d at 69). We therefore review "the ultimate issue of the voluntariness of a

confession" de novo.  Id. (quoting State v. Hoey, 77 Hawai'i 17, 32, 881 P.2d 504, 519 (1994)) (internal quotation marks and brackets omitted).

Beyond his alleged suicidality,[3] Garces points to no other indicia of coercion or overbearing of will suggesting his confessions were involuntary.  Instead, the circuit court found that Garces "did not appear under the influence of any substances prior to and during the interview and his demeanor was clear and coherent."  Garces does not challenge this finding.

The circuit court further found that the detective who interviewed Garces "did not use any threats, coercion, force or promises to get [Garces] to make a statement."  Rather, the circuit court found that "[w]hile he was being processed at the MPD [Moloka'i] station, [Garces] requested to speak to MPD officers."  Garces does not challenge these findings.

On this record, there is no evidence that Garces's statement was made under conditions that would "overbear" his

---

[3]  The circuit court determined that "[Garces]'s statements of a suicidal nature, absent evidence of action upon those statements, were not credible."  While courts generally "appl[y] a 'clearly erroneous' standard of review to the findings of fact made by the court in connection with a voluntariness hearing," Baker, 147 Hawai'i at 422, 465 P.3d at 869 (brackets in original omitted), "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact," State v. Sprattling, 99 Hawai'i 312, 317, 55 P.3d 276, 281 (2002) (brackets in original omitted).  To the extent that Garces asks this court to disturb the circuit court's credibility determination, we decline to do so.  See id.

will.  See Baker, 147 Hawaiʻi at 434, 465 P.3d at 881 (concluding that the use of "multiple coercive tactics in conjunction to overbear [defendant]'s will" rendered defendant's confession involuntary).

Under the totality of the circumstances, the circuit court did not err in determining that Garces's statement was voluntarily made.  See id. at 422, 465 P.3d at 869.

**(2)**  Next, Garces challenges the admissibility of his statement on the basis that his "Miranda waiver was constitutionally deficient" because it "failed to explicitly state that [he] could stop answering questions at any time or that he did not have to answer questions at all."  Nevertheless, Garces acknowledges that he "is not aware of a case requiring these advisements."  Instead, Garces points to the Honolulu Police Department's practice of providing such instructions in its own Miranda waiver form and the United States Supreme Court's favorable view of such or similar instructions.

As the Hawaiʻi Supreme Court has recently explained, "[u]nder the Hawaiʻi Constitution, 'absent Miranda warnings and a valid waiver of them, statements obtained from a person subjected to uncounseled custodial interrogation are inadmissible in a subsequent criminal proceeding brought against that person.'"  State v. Spies, 157 Hawaiʻi 75, 98, 575 P.3d 708,

5

731 (2025) (quoting State v. Hoffman, 155 Hawaiʻi 166, 172, 557 P.3d 895, 901 (2024)) (brackets in original omitted).

Our controlling caselaw requires "that each accused was warned that he had a right to remain silent, that anything said could be used against him, that he had a right to the presence of an attorney, and that if he could not afford an attorney one would be appointed for him." Id. at 86-87, 557 P.3d at 719-20 (quoting State v. Henderson, 80 Hawaiʻi 439, 441-42, 911 P.2d 74, 76-77 (1996)). Otherwise, no specific formula or wording is required; instead, "[t]he crucial test is whether the words in the context used, considering the age, background and intelligence of the individual being interrogated, impart a clear, understandable warning of all of his rights." State v. Maluia, 56 Haw. 428, 432, 539 P.2d 1200, 1205 (1975) (quoting Coyote v. United States, 380 F.2d 305, 308 (10th Cir. 1967)).

The circuit court, in unchallenged findings of fact, found that Garces was advised of the following Miranda rights:

> a. "You have the right to remain silent."
>
> b. "Anything you say can be used against you in court."
>
> c. "You have the right to talk to a lawyer for advice before we ask you any questions and to have your lawyer with you during questioning."
>
> d. "If you cannot afford a lawyer one will be appointed for you before any questioning."

These warnings satisfy the "minimal safeguards" required under the Hawaiʻi Constitution.  See Spies, 157 Hawaiʻi at 87, 575 P.3d at 720.

Further, nothing in the record supports a finding that Garces, by his age, background, or education, was unable to understand the warning.  See Maluia, 56 Haw. at 432, 539 P.2d at 1205.  As such, Garces's waiver was not constitutionally deficient.  See Spies, 157 Hawaiʻi at 87, 575 P.3d at 720; Maluia, 56 Haw. at 432, 539 P.2d at 1205.

Based on the foregoing, we affirm the circuit court's September 26, 2024 "Judgment of Conviction and Sentence[.]"

DATED:  Honolulu, Hawaiʻi, October 27, 2025.

On the briefs:

Brandon M. Segal,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge